Nov. Term,
1856.

KEY
v.
ROBINSON.

*R. N. Carnan*, for the appellants.

---

## KEY and Another *v.* ROBINSON.

Where there were three defendants, two of whom were served, and the other not found, and of the two served only one pleaded, and judgment was taken against both, without suggestion of default as to the defendant who had service, but failed to plead, or of not found as to the defendant not served,—*held*, that judgment might be entered as upon a default, against the party failing to plead; and that if the entry of not found, or of a formal default, *was not made*, it might have been made by amendment below, and on appeal, it will be regarded as made.

The Supreme Court will not reverse any judgment for defects in the form of pleadings, returns, record, process, entries, &c.

The regular assignee of a promissory note is *prima facie* the legal owner; and an answer to a complaint upon such assignment, setting up in the face of it, that the assignee is not the real party in interest was held bad or demurrer.

A party cannot complain that his interrogatories have not been answered unless he asked a rule for an answer; nor then, if they appear to be mere sham pleading.

*Saturday,*
*December 13.*

APPEAL from the *Perry* Court of Common Pleas.

STUART, J.—Suit on a promissory note by *Robinson*, assignee, &c. Trial and judgment for the note and interest. *Key* and others appeal.

There were three defendants—two were served with process, and one was returned by the officer as not found; but there was no suggestion to that effect regularly entered of record. This is one of the errors assigned. Another error was that, of the two defendants served, only one pleaded. In speaking of the appearance and pleadings in the cause the word defendants occurs oftener than defendant. The Court had a right to enter judgment as upon a default against a party served and failing to plead. If the entry of not found, or of a formal default was not made, it was amendable in the Court below, and will be regarded as amended here. 6 Ind. R. 387.

The cases in 8 Blackf. 32, and 1 Ind. R. 104, and the cases following that lead, lend no sanction to the position taken by counsel here. This is a matter of practice under the new statute. The defendants against whom judgment was taken were both served.¯ If there was any informality, they should have taken the proper steps in the Court below, and if that Court had refused to correct such informality or to give them the benefit of it, they could have excepted and appealed.

Besides, no judgment is to be reversed in this Court for any defect in form, or imperfection in the pleadings, returns, record, process, entries, &c. 2 R. S. p. 162.

The third error assigned is that *Robinson* was a mere nominal party—that the real interest was in *Truit, Brother & Co. Robinson* was the regular assignee of the note; and as such, *prima facie*, the legal owner. An answer setting up that the assignee is not the real party in interest, in the face of the assignment, was held bad on demurrer. *Lamson* v. *Falls*, 6 Ind. R. 309.

It is contended that the interrogatories filed by the defendants should have been answered. They appear to have been properly rejected as sham pleading. Even had it been otherwise, the record does not show the party in a position to make them available here. See *Rice et al* v. *Derby*, 7 Ind. R. 649.

Nov. Term, 1856.

*Per Curiam.*—The judgment is affirmed with 5 per cent. damages, and costs.

*B. Smith*, for the appellants.

*A. L. Robinson*, for the appellee.