May Term,
1859.

SLOAN
v.
WITTBANK.

---

## SLOAN and Another *v.* WITTBANK.

*Held*, on the authority of *Carver* v. *Williams*, 10 Ind. R. 267, that a defendant who has answered and then withdraws his appearance, thereby withdraws his answer also.

*Held*, also, on the authority of *Key* v. *Robinson*, 8 Ind. R. 368, and *Shaw* v. *Binkard*, 10 *id.* 227, that the failure to call and default a defendant, who, after having appeared and answered withdraws his appearance, is an irregularity; but such an irregularity as the Court below might amend; and which may be deemed to be amended in the Supreme Court.

Friday,
June 10.

APPEAL from the *Putnam* Court of Common Pleas.

DAVISON, J.—The appellee, who was the plaintiff, sued *Sloan* and *Fordyce* upon a promissory note for the payment of 400 dollars.    The note bears date *March* 7, 1857, was payable to the order of *Walters* and *Cummings* at six months, and was by them assigned to the plaintiff.

Demurrer to the complaint overruled.    This ruling is assigned for error; but as no exception appears to have been taken to the refusal to sustain the demurrer; the error thus assigned is not properly before us.

Defendants answered in seven paragraphs, to which there were replies.    And the cause being thus at issue, the defendants withdrew their appearance, and thereupon the

Court proceeded to the trial of the cause; and the plaintiff having read in evidence the note and indorsement thereon, which was all the evidence given, the Court found for the plaintiff and assessed his damages at 406 dollars, for which judgment was rendered, &c.; whereupon the defendants appeared and moved for a new trial on three grounds—

1. That the judgment is irregular and illegal.

· 2. That the decision of the Court is contrary to law.

3. The Court erred in hearing the evidence and assessing the damages after defendants had withdrawn their appearance.

This motion was overruled, and the defendants excepted.

In *Carver* v. *Williams*, 10 Ind. R. 267, it was held that if a party appear and plead, and then fail to appear at the trial, his pleadings stand; but if, after pleading, he withdraw his appearance, his pleadings go with it; that without an appearance, a party cannot answer; nor can he have an answer standing where there is no appearance. This exposition is, no doubt, correct; and when applied to the case at bar, at once shows that the defendants, having withdrawn their appearance, also withdrew their answer. But it is insisted, there being no answer, that the judgment is erroneous, because the plaintiff, instead of proceeding to the trial of the cause upon the evidence, "should have taken a judgment by default or *nil dicit.*" It must be conceded, that the action of the Court, as it appears in the transcript before us, was not in accordance with the ordinary rules of procedure; still the record presents a mere irregularity, which could not, in any degree, result in injury to the defendants. And the statutory rule is, that "No judgment shall be stayed or reversed, in whole or in part, by the Supreme Court, for any defect in form, variance, or imperfections contained in the record, pleadings, process, entries, or other proceedings therein, which by law might be amended by the Court below; but such defects shall be deemed amended in the Supreme Court," &c. 2 R. S. p. 162, § 580. Here, the record sufficiently shows that the judgment is not in conflict with the substantial rights of the parties, and that the proceedings, so

far as they show a failure to take a default against the defendants, are imperfect. But in view of the provision just recited, it seems to us that that imperfection might have been amended in the Circuit Court, and, in sequence, may "be deemed to be amended in this Court." *Key* v. *Robinson*, 8 Ind. R. 368.—*Shaw* v. *Binkard*, 10 *id.* 227. These authorities are directly in point, and are decisive of the questions arising in this record.

*Per Curiam.*—The judgment is affirmed with 10 per cent. damages and costs.

*R. L. Hathaway*, for the appellants.

*F. Rand*, for the appellee.