## THE NEW ALBANY AND SALEM RAILROAD COMPANY *v.* COMBS.

*It seems* that it is in the discretion of the Court to permit, or to refuse to permit, an attorney to withdraw his appearance in a cause.

A full appearance waives defects in process; but a limited one, for the purpose of making objections, does not.

*Friday, December 16.*

APPEAL from the *Owen* Circuit Court.

WORDEN, J.— *Combs* sued the company before a justice of the peace, for killing stock, and had judgment by default. The company appealed to the Circuit Court, where the plaintiff also had judgment. The cause is brought here on a bill of exceptions only, under the provisions of § 347 of the code.

The bill shows that on the third day of the term, the company, by their attorney, as a friend to the Court, "moved to dismiss the cause for the want of sufficient return of service upon the defendants in the Court below; whereupon the plaintiff, by his attorney, moved the Court for a rule against the constable, to amend his return to the summons in this cause in the Court below, which motion of the plaintiff was sustained, and the said rule was entered; that before the constable's return was amended, the

said defendants moved the Court to dismiss this cause for a misjoinder of causes of action; that before the conclusion of the argument, or the decision of the Court upon said motion, the defendants withdrew said motion, and moved the Court for leave to withdraw the appearance of said defendants to said cause, which motion was overruled," &c. The Court thereupon set aside the rule against the constable, on the ground that the appearance of the defendants waived all irregularities in the return of service, &c.

Nov. Term, 1859.

The New Albany, &c., Railro'd Co. v. Combs.

These rulings were duly excepted to.

There are but two errors assigned, which are as follows:

"The Court erred in dismissing the rule against the constable.

"The Court erred in ruling that the appearance cured all defects and irregularities."

It will be observed that the ruling of the Court in refusing to permit the defendants to withdraw their appearance, is not assigned for error, but had it been, it would probably have been unavailing, as this would seem to be a matter resting entirely in the discretion of the Court below.

The first motion made, viz., to dismiss the cause for the want of a sufficient return of service of process, was not passed upon by the Court. Had this motion been improperly overruled, the defendants could have availed themselves, by exception, of the error. An appearance for the purpose of such motion, does not require or involve an appearance to the action. In such case, a party may except in his character of a suitor, and not as *amicus curiæ.* *Hust* v. *Conn,* 12 Ind. R. 257, and cases there cited. While this motion was pending, awaiting such amendment as might be made to the return, the defendants moved to dismiss the cause for a misjoinder of causes of action. This motion could not be made without appearance to the action, and such appearance and motion waived all defects in the process. Ind. Dig. 126.

When an appearance was thus entered, the rule against the constable was of no consequence whatever, and there was no error committed in setting it aside.

Nov. Term, 1859.

*Per Curiam.*—The judgment is affirmed with 10 per cent. damages and costs.

*W. G. Cooper*, for the appellants.

*W. M. Franklin*, for the appellee.