REPORTER.

---

SMITH ET AL. *v.* FOSTER ET AL.

PRACTICE.—*Withdrawal of Appearance Withdraws Pleadings.*—Where a defendant who has appeared and pleaded to an action voluntarily withdraws his appearance, he thereby withdraws his pleadings.

SAME.—*Judgment Without Defaulting Defendant.—New Trial.—Supreme Court. —Assignment of Error.*—The fact that judgment is rendered against a defendant who has not appeared, without defaulting him, is an irregularity constituting a cause for a new trial, but can not be assigned independently as error, for the first time, in the Supreme Court, on appeal.

From the Hamilton Circuit Court.

*W. Garver* and *J. S. Losey*, for appellants.

*J. W. Evans* and *R. R. Stephenson*, for appellees.

HOWK, J.—In this action, the appellees, as plaintiffs, sued the appellants, as defendants, before a justice of the peace of Hamilton county, Indiana, upon a promissory note, of which the following is a copy:

"$92.50.                              April the 22d, 1875.

"Eight months after date, we promise to pay to Harry Peeky, or order, the sum of ninety-two dollars and fifty cents, for value received, without any relief whatever

from valuation or appraisement laws. Interest after maturity.          (Signed,)          HIRAM SMITH,
"F. M. LANE."

Before the justice, the appellants filed an answer, duly verified, denying the execution of the note. The trial before the justice resulted in a judgment, in favor of the appellees, for the amount of the note and costs of suit, from which judgment the cause was appealed to the court below.

In this latter court, the parties appeared in person and by counsel, and the appellants withdrew their appearance herein; and thereupon, on the appellees' motion, the cause was submitted to the court for trial, without a jury. "The court, having heard all the evidence," found for the appellees, and assessed their damages on the note in suit at the sum of ninety-eight dollars and five cents, and judgment was rendered accordingly, on the 11th day of May, 1876. Afterward, at the same term of the court, on the 17th day of May, 1876, the parties appeared, and the appellants filed their written motion for a new trial, which motion was overruled by the court, and to this decision they excepted and filed their bill of exceptions, signed and sealed by the court.

In this court, the only error properly assigned by the appellants is the decision of the court below in overruling their motion for a new trial. In this motion, the following causes for a new trial were assigned by the appellants:

"1st. Because the evidence is not sufficient to sustain the finding and decision of the court; and,

"2d. Because the finding and decision of the court are contrary to the law and the evidence in the case."

The only question in this case for our decision may be thus stated: Did the appellants, by withdrawing their appearance in this action, in the court below, withdraw also their answer under oath, denying the execution of the note in suit? If such was the legal effect of the appellants' withdrawal of their appearance in this action, then

the judgment of the court below must be affirmed. This is not an open question in this court. In the case of *Carver* v. *Williams*, 10 Ind. 267, it was said by PERKINS, J., delivering the opinion of the court, that, "If a party appears to a suit and pleads, and then simply fails to appear at the trial, his pleadings stand. But if, after pleading, he comes and withdraws his appearance to the suit, which, by leave of the court, he may do, his pleadings go with his appearance. Without an appearance, a party can not answer in a cause. Nor can he have an answer standing where there is no appearance."

To the same effect are the cases of *Coffin* v. *The Evansville, etc., R. R. Co.,* 7 Ind. 413, and *Sloan* v. *Wittbank,* 12 Ind. 444. The doctrine of these cases has never been questioned in this court, and it meets with our full approval.

In this case we hold, that, when the appellants withdrew their appearance in the court below, they thereby withdrew their special answer of *non est factum,* and the cause then stood for trial, like any other appeal from a justice of the peace, " without plea."

It was also assigned by the appellants, as error, that the court below erred in rendering judgment against the appellants, without taking or entering a default against them. At most this was only an irregularity in the proceedings of the court; and, if it prevented the appellants from having a fair trial, it then constituted the first statutory cause for a new trial, and should have been assigned as such in their motion for such new trial. 2 R. S. 1876, p. 179, sec. 352.

This irregularity was not assigned by the appellants as a cause for a new trial, in their motion therefor, and therefore it can not be assigned as error in this court. Besides, in the case of *Sloan* v. *Wittbank, supra,* it was held by this court, on the authority of the cases of *Key* v. *Robinson,* 8 Ind. 368, and *Shaw* v. *Binkard,* 10 Ind. 227, that the failure to call and default a defendant, who, after

having appeared and answered, had withdrawn his appearance, was an irregularity, but such an irregularity as the court below might have amended, and would be deemed to have been amended in this court.

We find no error in the record of this cause, and no merit in the appeal.

The judgment is affirmed, with ten per centum damages, at the costs of the appellants.