## YOUNG *v.* DICKEY.

INTEREST ON OPEN ACCOUNT.—Interest on an open account may, in a proper case, be allowed.

PRACTICE.— *Withdrawal of Appearance Withdraws Pleading.— Default.— Process.—Record.—Supreme Court.*—Where a defendant who has been served with process withdraws his appearance, he thereby withdraws his answer also, and should be defaulted ; and in such case, on appeal to the Supreme Court. the record must show the issue and service of process upon him, or the judgment against him will be reversed.

SAME.—*Appearance Without Process.—Discretion of Court.*— It is within the discretion of the court, on objection by the plaintiff, to refuse leave to a defendant, who has appeared without service of process, to withdraw his appearance.

From the Tipton Circuit Court.

*J. Green, D. Waugh, J. Waugh* and *J. W. Robinson*, for appellant.

BIDDLE, J.—Complaint in the usual form of a common count, with a bill of particulars, by the appellee, against the appellant.

The record shows the following entry :

" Come now the parties by counsel, and the attorneys for defendant now withdraw his appearance, and, on motion, the defendant is three times called and comes not, but herein wholly makes default."

The court then proceeded to try the case, and made the following finding :

" And the court, having seen and heard all the evidence adduced by the plaintiff, finds that there is due him on his complaint, from the defendant herein, the sum of one thousand seven hundred and twenty-five dollars and twenty-seven cents ; and the court does further find, that, on the defendant's answer to the plaintiff's complaint, there is due said defendant, from the plaintiff, the following, to wit :" (here follow several items, amounting in all to one thousand and eighty-five dollars and forty-five cents) ; " and that the plaintiff herein have judgment against the defendant for the sum of six hundred and thirty-nine dollars and eighty-two cents, the principal and residue thereof ; and the court further finds, that the plaintiff should recover of the defendant the further sum of two hundred and forty-nine dollars and forty-two cents, as interest on said principal, from the 16th day of August, 1869, up to the present time, the same being at the rate of six per cent. per annum."

Judgment accordingly, for eight hundred and eighty-nine dollars and twenty-four cents.

The dates of the items in this bill of particulars run from June 5th, 1867, to August 15th, 1869 : from which it

appears that the court allowed interest on the account, commencing twelve months after the date of the last item.

There was no error in allowing interest.

The record does not show the service of a summons on the appellant, nor the officer's return thereon. We think this is a defect in the case. When the appellant withdrew his appearance, he necessarily withdrew his answer with it; for, if the answer remained in the record, the appearance was in also. That being the case, the record should show a default of the appellant, and should contain the summons, and the return of service thereon; otherwise the judgment is erroneous. *Coffin* v. *The Evansville and Crawfordsville R. R. Co.*, 7 Ind. 413; *Carver* v. *Williams*, 10 Ind. 267; *Smith* v. *Foster*, 59 Ind. 595.

Perhaps, when a defendant appears to an action without process and service, the court would not allow him to withdraw his appearance over the objection of the plaintiff, or, at least, in such a case, it would be within the judicial discretion of the court to allow, or not to allow, his withdrawal, according to the merits of the question. *The New Albany and Salem R. R. Co.* v. *Combs*, 13 Ind. 490.

As the record stands, there is no appearance in, and no proof of service of process; the judgment is therefore erroneous, and is reversed, at the costs of the appellee.