### DOHERTY ET AL. *v.* CHASE.

<div style="float:right">64  73.<br>136  345</div>

REVIEW OF JUDGMENT.—*Failure to Default Defendant.*—Where a defend-
ant has been served with process, the fact that, either with or without an
appearance by him, he was not defaulted, is not ground sufficient to review
or reverse a valid judgment rendered therein against him.

SAME.—*Complaint on Bond Securing Performance of Contract.—Principal and
Agent.—Principal and Surety.*—In an action by the obligee, against the
principal and surety, on a bond executed to secure the performance of a
written contract appointing the principal an agent of the plaintiff to sell
certain articles, and binding him to turn over notes and money,
less his commissions, to guarantee the plaintiff against the loss of any
such property, and to furnish a satisfactory bond, etc., the complaint
alleged, as breaches of the bond, which was broader in its terms than the
contract, that the principal, in the course of such business, had received
and refused to turn over sums of money belonging to the plaintiff, and
had turned over notes of insolvent makers, etc.

*Held*, in a proceeding to review a judgment rendered in such action against
the defendants, that the complaint therein was sufficient.

From the Montgomery Circuit Court.

*J. M. Thompson, W. H. Thompson, P. S. Kennedy, W. T.
Brush* and *G. W. Paul*, for appellants.

*W. P. Britton* and *M. W. Bruner*, for appellee.

BIDDLE, J.—Complaint by the appellants, against the
appellee, to review a judgment, for error of law appearing
in the proceedings and judgment.

The grounds of review are, that the record does not show

that the defendants therein were duly served with process, nor that the defendants, who are appellants here, ever appeared to the action.

We may add, at once, that, by a *certiorari*, the record has been completed, and one of these two grounds of error no longer exists.

The record now shows that the defendants had been regularly served with process, and contains the summons and return. The original record also contains this entry:

"Come now the parties by their attorneys, and defendant Scott and all other defendants files demurrers to plaintiff's complaint, to wit:"

Then follows a demurrer by Scott, but there is no demurrer in the record by the other defendants.

Scott's demurrer was overruled. He then answered by a general denial, and a special paragraph.

Trial by jury; verdict and judgment for the plaintiff, against all the defendants.

There was no motion made for a new trial.

The record thus shows, that the parties asking this review had been regularly served with process, and had appeared to the action in which judgment was rendered against them, without withdrawing their appearance or having been defaulted. This may be an irregularity, but it is not such an one as would reverse a judgment in this court. *Sloan* v. *Wittbank*, 12 Ind. 444. And even if we held that the record does not show an appearance of the defendants to the suit, yet the judgment—there being good service had, and shown in the record, and damages assessed by a jury—would not be reversible merely because the defendants had not been defaulted by calling. *Smith* v. *Foster*, 59 Ind. 595.

The appellants, however, still urge, as a ground of review, the insufficiency of the complaint in the original case to constitute a cause of action.

The complaint is founded on a bond, conditioned that

Doherty *et al.* *v.* Chase.

William W. Scott will comply with a certain written contract between him and the appellee; and the objection urged against it is, that the breaches assigned in the complaint are broader than the terms of the written contract, that the liability on the bond can not be greater than the terms imposed by the contract, and that there are no breaches assigned which show that the contract has been broken. By the contract, Scott was made the agent of Chase in selling sewing machines, and by it undertook " to make weekly reports of machines on hand and machines sold, and turn in notes and moneys from week to week, reserving such amounts as may be due " him for commissions, and to furnish a satisfactory bond in the sum of two thousand dollars for the proper conduct of the business, and to guarantee Chase against loss of any property entrusted to his hands, and to bear all expenses of transportation and sale of the machines.

The conditions of the bond are at least as broad, and perhaps broader, than the terms of the contract.

The breaches alleged in the complaint are, that Scott became largely indebted to Chase for machines sold, stating the various amounts, and notes given by Scott to Chase in the course of the business, which he has · refused to pay over according to the terms of the agreement, setting out the notes; that he turned over certain notes, the makers of which were insolvent ; and various other specific charges of the misconduct of Scott in conducting the business of his agency.

Many of these breaches, and we think all that are alleged, are violations of the contract, the performance of which the bond was given to secure; but, if one be good, the complaint was sufficient.

We can perceive no error appearing in the proceedings and judgment sought to be reviewed.

The judgment is affirmed, at the costs of the appellants.