Dunkle *et al. v.* Elston *et al.*

---

DUNKLE ET AL. *v.* ELSTON ET AL.

No. 7275.

PRACTICE.— *Withdrawal of Appearance.*—The withdrawal of appearance of a defendant by his attorneys takes with it the answers of such defendant previously filed.

SUMMONS.—*Appearance.*—An endorsement upon a complaint, and the summons issued thereon, both stating the day of the month during a term certain on which the defendant shall appear, are a sufficient compliance with the act of March 6th, 1877, Acts 1877, Reg. Sess., p. 105, without naming the day of the term.

SAME.—*Defect in Form.—Amendment.*—Where a summons is defective in form, but serves the purpose for which it was issued, it may afterward be amended so as to conform with the endorsement on the complaint upon which it was issued.

SAME.—*Service.—Statute Construed.*—" Personally served," as used in section 315 of the code, as amended by the act of March 6th, 1877, *supra*, has reference to personal service as distinguished from service by publication, and service by copy left at the last usual place of residence is personal service within the meaning of the statute.

PRACTICE.—*Remedies.—Election.—Review of Judgment.—Appeal.— Waiver.* —A party may appeal from a judgment of the trial court, or he may file in that court a complaint for a review of such judgment, and may appeal from the decision of such court on the complaint for review, but he can not pursue both remedies at the same time. A party, by claiming one remedy, waives the other.

From the Montgomery Circuit Court.

*J. McCabe,* for appellants.

*T. H. Ristine,* for appellees.

WOODS, J.—Complaint in three paragraphs to review a judgment. The second paragraph was withdrawn, and to the first and third demurrers were severally sustained. To the rulings of the court on these demurrers the appellants excepted, and have assigned error thereon.

We give a summary of the record which it was sought to review.

The appellees sued appellants on a joint and several promissory note. The complaint was filed August 27th, 1877, endorsed as follows, to wit: " The defendants " (naming them) " will appear and answer in said court the within complaint, on the 10th day of September, 1877, being the 7th judicial day of the September term, 1877, of said court:    THOMPSON & RISTINE,

" Attorneys for plaintiffs."

The clerk, on the same day, issued to the sheriff a summons, regular in form and properly signed and attested, unless the same was defective in this, namely, that over the word " first," as the same was originally written or printed in the phrase " on the *first* day of the next term," etc., the clerk had written the figure " 7," so that it appeared in the summons as follows, to wit: " On the fir7st day," etc. The day of the month on which the defendants were required to appear and answer, was plainly written in said summons as follows, to wit: " On the 10th day of September, 1877." This summons was duly returned as served August 30th, 1877, on two of the defendants by reading, and on the other defendants by copy left at their last or usual place of residence.

September 12th, 1877, the parties appeared in court by attorneys, and their demurrer to the complaint having been overruled, and exception taken, the defendants Peg-

gott, Coleman and Miller filed a special answer, and the defendant Dunkle filed a separate answer in four paragraphs, to which answers the plaintiffs, on the 25th day of the term, filed a reply in general denial, and on the same day the following entry of proceedings in said cause was made, to wit : " Comes now the parties plaintiffs, by Thompson & Ristine, and the defendants by Thompson & Thompson, attorneys, and now ·Thompson & Thompson withdraw their appearance for said defendants. Thereupon it is ordered by the court that said defendants be now here three times called, which is done in open court, and they come not, but wholly make default. Wherefore this cause is set down for trial by the court, and the court, after hearing the evidence," etc., finds for the plaintiffs, and renders judgment accordingly. In all the steps taken in said cause, the defendants appeared and were represented by said Thompson & Thompson, attorneys.

The defendants afterward, at the same term, filed an affidavit and moved to have the default set aside upon the alleged ground of excusable neglect; counter affidavits were filed and the motion overruled, and exception taken by the appellants. But the errors assigned do not call for a consideration of these affidavits and the application based thereon.

The appellants, by their complaint, claim error apparent in this record, in the following particulars, viz.:

1. " The court had no jurisdiction over the defendants, the process not being served on them more than ten days before the then first day of the September term of this court for the year 1877, and no proper directions endorsed on the complaint, and no proper summons was issued on same, authorizing a judgment by default, without service ten days before the first day of said term, as will more fully appear by said record."

2. " The court erred in entering up judgment by default,

while these defendants had on file good and sufficient answers."

The withdrawal of appearance for the defendants by Thompson & Thompson, their attorneys, took with it the answers of the defendants. *Young* v. *Dickey*, 63 Ind. 31. And a judgment by default was therefore proper, if the defendants had been duly served with process.

We perceive no fatal objection either to the process or the service thereof. The indorsement on the complaint requiring the defendants to appear and answer on a day named in the term is in substantial compliance with the language of the statute in such cases provided. The proviso of section 315 of the code, as amended by the act approved March 6th, 1877, Acts 1877, Reg. Sess., p. 105, is as follows : " Provided, however, That when the complaint is filed, whether before or during any term of court, the plaintiff may fix the day during such term, by endorsement thereof upon the complaint at the time of filing the same, on which the defendant shall appear, which day, when so fixed, shall be stated in the summons when issued, and the action shall be docketed in its order. And if summons shall be personally served ten days before such day, or publication shall be made three weeks, thirty days before such day, such action shall thereupon stand for issue and trial at such term, and the court shall have jurisdiction to hear and determine such action, as if summons had been served, or publication made before the first day of the term, as hereinbefore provided."

We do not deem it necessary, in order to comply with this statute, that the indorsement on the complaint and the summons issued thereon shall state the day of the term on which the defendant shall appear. The language of the act is, " the day during the term," and if a day of the month which comes " during the term" is specified, the statute is sufficiently complied with. In this case the in-

dorsement fixed the day of the month and the corresponding day of the term, and the summons gave the proper day of the month; and even if it were considered to be the meaning of the statute, that the day of the term should also be named, the summons would not be deemed a nullity by reason of the objection made. The figure " 7 " written over the word "first," which we may fairly presume was a printed word, contained in a blank form of summons, sufficiently indicated the day of the term. And, in any event, the summons having served its purpose, if defective, was amendable, to make it conform to the complaint and the indorsement thereon. " No summons, or the service thereof, shall be set aside, or be adjudged insufficient, where there is sufficient substance about either to inform the party on whom it may be served, that there is an action instituted against him in court." Sec. 37 of the code.

It is further objected that the service of the summons on two of the defendants was by copy, which it is claimed is not personal service in accordance with the requirement of the proviso quoted *supra.* We hold that the phrase " personally served," as used in this act, has reference to personal service as distinguished from publication, and in this sense service by copy left at the last and usual place of residence is personal service, as well as service by reading to the party.

It is also assigned for error that the circuit court erred in overruling the demurrer to the complaint in the original action. If this were a direct appeal from the original judgment, it would be competent to make this assignment, if the right to make it were not waived by the withdrawal of appearance, but this ruling of the court is not made a ground of objection in the complaint for review, and of course is not involved in an appeal from the judgment on that complaint. A party may appeal from a judgment of the circuit court directly to this court, or, instead of taking

such appeal, he may file before the circuit court which rendered the judgment a complaint for the review thereof, and if not satisfied therewith may appeal from the decision of the court on the bill of review, but he can not pursue both remedies at the same time. Indeed, the rule is, that, by claiming one remedy, the party waives the other entirely. *The Indiana, etc., Co.* v. *Routledge,* 7 Ind. 25; *Davis* v. *Binford,* 70 Ind. 44.

We find no error in the record for which the judgment should be reversed.

Judgment affirmed, with costs.