No. 13,079.

## McArthur v. Leffler.

Appearance to Action.—*Withdrawal.*—*When Court Should Refuse to Allow.* —After a defendant, by counsel, has appeared to an action, without process and service, filed a demurrer to the complaint, and applied for a change of venue, the court, except for good cause shown, should refuse to allow a withdrawal of the appearance.

Same.—*Withdrawal of Appearance Effects Withdrawal of Pleadings.*—The withdrawal of a defendant's appearance in a cause, of itself, effects the withdrawal of all pleadings therein.

Judgment.—*Review of.*—*Withdrawal of Appearance.*—*Default Without Service of Process.*—Where a defendant, who has not been served with process, is permitted, after pleading, without objection by the plaintiff, to with-

draw his appearance, it is error to render a judgment against him upon default, without first obtaining service of process and making proof thereof, and a complaint for review will lie.

From the Pulaski Circuit Court.

*G. A. Murphy* and *A. I. Gould,* for appellant.

*D. Turpie, F. Church, J. F. Church* and *S. R. Childs,* for appellee.

Howk, J.—In this case, the only error assigned by appellant, the plaintiff below, is the sustaining of appellee's demurrer to his complaint.

Appellant's complaint is in the nature of a bill in equity to obtain the review of a personal judgment rendered against him by the court below, in favor of appellee, for manifest errors, as alleged, appearing in the record. In his complaint, appellant alleged that, on the 1st day of October, 1884, appellee Leffler filed in the clerk's office of the Starke Circuit Court, his complaint against appellant McArthur, wherein he demanded that a certain mortgage upon real estate in Starke county, Indiana, and the promissory notes secured thereby, described in said complaint, be cancelled and held for naught; that, on the same day, appellee filed with his complaint an affidavit of the non-residence of appellant and for publication of notice; that, on the same day, a summons was issued on such complaint to the sheriff of Starke county, and was by him duly returned, endorsed " not found," as the said Charles H. McArthur was not found in his bailiwick; that afterwards, on the 14th day of January, 1885, being the ninth judicial day of the January term, 1885, of the Starke Circuit Court, appellant, then and since a non-resident of this State, appeared by Murphy and Gould, his attorneys, and filed a demurrer to appellee's complaint, which demurrer was overruled by the court, and appellant's attorneys at the time excepted; that, on the day last named, appellant's attorneys moved the court upon affidavit for a change of venue from Starke county, which motion was sustained,

and the venue of the cause was changed to Pulaski county, and such change was duly perfected; that afterwards, on the 7th day of September, 1885, being the first judicial day of the September term, 1885, of the Pulaski Circuit Court, Messrs. Murphy and Gould, the only attorneys for appellant in said cause, withdrew their appearance therein for the appellant, by leave and order of such court, which was evidenced by an entry in the proper order-book of such court and signed by the judge, in the words and figures following, to wit:

"CONRAD LEFFLER vs. CHARLES H. MCARTHUR.

"Come now Murphy and Gould, attorneys for defendant, and ask leave of court to withdraw their appearance herein, also to withdraw the demurrer to complaint and their papers, all of which is granted by the court."

Appellant further alleged that afterwards, on September 9th, 1885, being the third judicial day of the same term of the court below, when appellant McArthur was not present in court, and when Murphy and Gould, attorneys as aforesaid, were absent, the court, without the consent of appellant, or of Murphy and Gould, changed and amended the record of the aforesaid entry to read as follows:

"Come now Murphy and Gould, attorneys for defendant, and ask leave of court to withdraw their appearance, also to withdraw demurrer to complaint and the papers. The court sustains motion to withdraw appearance, and overrules motion to withdraw papers."

Appellant further averred that he, not being in court, was then ruled to answer instanter, and, failing to answer, he was then and there defaulted; that afterwards, on the seventeenth judicial day of the same term of such court, appellee took a personal judgment in said cause against the appellant for five thousand dollars, and costs taxed at —— dollars, without having had personal or other service on appellant, or without his being in court either in person or by attorney.

A true and complete transcript of the record in said cause was filed with and made part of the complaint herein.

Appellant then averred that up to the time his sole attorneys, Murphy and Gould, withdrew their appearance for him in said cause, the only prayer of appellee's complaint therein was for the cancellation of said mortgage and notes; but that afterwards appellee, by his counsel, surreptitiously, fraudulently and without right, so amended his complaint as to ask a personal judgment of five thousand dollars against the appellant herein, and that without the service of summons on him, and without his being in court, the appellant said that the following words, to wit: "And the plaintiff is informed that said defendant claims to have sold, and that one David Sturges claims to have purchased said notes mentioned, without notice, before due, for a valuable consideration, in the usual course of business, and before the commencement of this action," and the following words, to wit: "And the plaintiff asks that, if it shall appear on the trial hereof that said McArthur has sold said notes before maturity for value, without notice of this, the plaintiff's demands, then the plaintiff demands judgment for five thousand dollars," etc., made and constituted the surreptitious, fraudulent and unlawful amendments aforesaid. And appellant said there was manifest error apparent in the record of said cause, in this, to wit:

1. The Starke Circuit Court erred in overruling appellant's demurrer to appellee's complaint herein.

2. The Pulaski Circuit Court erred in ruling appellant to answer *instanter*, after his attorneys had, by leave of court, withdrawn their appearance for him, he not otherwise appearing in said cause.

3. It was error for appellee to amend his complaint, after defaulting appellant, so as to ask a personal judgment, when, prior thereto, he had asked for a judgment *in rem* only, and

when appellant was not in court either in person or by attorney.

4. The court erred in rendering a personal judgment against appellant, when there had been no personal or other service of process on him, and when his only attorneys had withdrawn their appearance for him, with leave of the court, and he did not otherwise appear in such action.

5. The personal judgment of $5,000 against appellant was wholly null and void, for want of service of summons on him, he not appearing in person or by attorney.

6. The appellee's complaint, whereon the so-called judgment was rendered, did not state facts sufficient to constitute a cause of action, for the reason, among others, that copies of the notes and mortgage, sought to be cancelled, were not filed therewith.

Wherefore appellant prayed that said cause should be reviewed by the court below, and that such judgment should be reversed for the aforesaid errors of law therein, and for all other proper relief.

The appellant's complaint herein was verified by affidavit.

Appellee's demurrer to the complaint, for the alleged insufficiency of the facts therein to constitute a cause of action, was sustained by the court, and final judgment was rendered in the cause, in accordance with such ruling.

Did the court err in sustaining appellee's demurrer to appellant's complaint for review, the substance of which we have given? We are of opinion that this question ought to be, and must be, answered in the affirmative. It may be conceded that, upon the facts stated in such complaint, if the appellee had objected to the withdrawal of appellant's appearance in the original action, it would have been error to have overruled such objection, and to have permitted such appearance to be withdrawn. Indeed, upon the facts stated, it would have been competent for the court in its own discretion, without any objection on the part of appellee, to have denied the leave requested for the withdrawal of appellant's appearance.

Thus, in *Young* v. *Dickey*, 63 Ind. 31, the court said : " Perhaps, when a defendant appears to an action without process and service, the court would not allow him to withdraw his appearance over the objection of the plaintiff, or, at least, in such a case, it would be within the judicial discretion of the court to allow, or not to allow, his withdrawal, according to the merits of the question." *New Albany, etc., R. R. Co.* v. *Combs*, 13 Ind. 490.

"According to the merits of the question," as presented by the facts stated in appellant's complaint in the case under consideration, we think the court below would have been fully authorized in the exercise of its discretion, with or without objection on the part of appellee, to refuse to allow the withdrawal of appellant's appearance. For it was clearly shown by the averments of his complaint, that the appellant, by his counsel, not only appeared fully to the original action and filed his demurrer to the complaint therein, in the Starke Circuit Court, but that he there applied for and obtained, upon the affidavit of one of his counsel, a change of venue to the Pulaski Circuit Court.

Upon this state of the record, it seems to us that the court below, except for good cause shown, ought to have promptly denied or overruled the motion of appellant's counsel for leave to withdraw their appearance for him. But the court sustained the motion of counsel, and allowed them to withdraw not only their appearance for appellant, but also his demurrer to the complaint and his other papers, in the original cause. It is shown by the averments of appellant's complaint herein, admitted to be true by appellee's demurrer thereto, that the court below, two days after the withdrawal of appellant's appearance and papers, attempted to amend its previous order so as to show that the leave to withdraw appearance was granted, but that the leave to withdraw demurrer and other papers was denied. But this attempted amendment did not change the previous order, in legal effect.

It has always been held by this court, that the withdrawal

of a defendant's appearance in a cause, of itself, effects the withdrawal of all his pleadings therein. Thus, in the early case of *Carver* v. *Williams,* 10 Ind. 267, the court said : " If a party appears to a suit and pleads, and then simply fails to appear at the trial, his pleadings stand. But if, after pleading, he comes and withdraws his appearance to the suit, which, by leave of the court, he may do, his pleadings go with his appearance." What was there said has been quoted with approval and followed in many of our subsequent decisions. *Sloan* v. *Wittbank,* 12 Ind. 444 ; *Smith* v. *Foster,* 59 Ind. 595 ; *Young* v. *Dickey, supra ; Gunel* v. *Cue,* 72 Ind. 34 ; *Love* v. *Hall,* 76 Ind. 326.

Appellant's appearance to appellee's action having been withdrawn, with leave of the court first had, and it not appearing that he had afterwards appeared therein either in person or by attorney, of course it was not competent for either the court or the appellee to take any further proceedings against appellant in such cause, until after proof had been duly made of the issue and service on him of process issued therein. No such proof of the issue and service of process was made, or attempted to be made, in the original cause, and, therefore, the court below clearly erred in calling and defaulting appellant therein, and in rendering judgment against him upon such default. Thus, in *Dunkle* v. *Elston,* 71 Ind. 585, which, like the case we are now considering, was a suit for the review of a judgment for errors of law apparent in the record, the court said : " The withdrawal of appearance for the defendants by * * * their attorneys, took with it the answers of the defendants. *Young* v. *Dickey,* 63 Ind. 31. And a judgment by default was therefore proper, *if the defendants had been duly served with process.*"

In the case at bar, as we have seen, one of the errors of law apparent in the record of the judgment sought to be reviewed was, that appellant had not been duly served with process in the original cause, and from this error of law it followed of necessity that the judgment by default against

him therein was improper, erroneous, and wholly unauthorized by law.

We are of opinion, therefore, that the court clearly erred in sustaining appellee's demurrer to appellant's complaint herein for the review and reversal of the judgment against him described therein.

The judgment is reversed with costs, and the cause is remanded, with instructions to overrule the demurrer to the complaint, and for further proceedings not inconsistent with this opinion.

Filed Jan. 25, 1887; petition for a rehearing overruled June 24, 1887.