# FARDON *v.* WASHINGTON LOAN & TRUST COMPANY.

WILLS; PROBATE; CAVEATS; STATUTE OF LIMITATIONS; APPEARANCE.

Under sec. 137, D. C. Code (31 Stat. at L. 1212, chap. 854), providing that a caveat of a will of real estate, so far as it is such a will, may be filed by any person actually served with process or personally appearing in the proceeding within one year after the will has been admitted to probate, and by any person interested who has been proceeded against by publication and returned not found, within two years after probate, a caveat by a party interested, who before probate had filed a waiver of citation and had consented that the will be probated, and after probate filed a revocation of his consent and a petition for leave to withdraw his waiver, which petition was unacted upon by the court,—is properly dismissed, when filed more than one, but less than two, years after probate, as the filing of his waiver amounted to a voluntary appearance in the proceeding, and took him out of the class of parties who when proceeded against by publication have two years after probate to file a caveat, and put him in the class of those persons served with process who have only one year after probate in which to file a caveat; and the fact that the executor published against nonresident heirs is immaterial so far as the rights of the caveator are concerned. (Citing *Bowen* v. *Howenstein,* 39 App. D. C. 585.)

No. 2830. Submitted October 5, 1915. Decided November 1, 1915.

HEARING on an appeal by the caveator from a judgment of the Supreme Court of the District of Columbia dismissing his caveat to a will.        *Affirmed.*

The COURT in the opinion stated the facts as follows:

Appeal from a decree in the supreme court of the District dismissing appellant's caveat to the will of Abram P. Fardon, whose death occurred in this District on June 13, 1913.

The appellant, Alfred A. Fardon, a brother of the testator and next of kin, is and was at the time of the death of the testator a resident of Freehold, N. J. On June 20, 1913, the appellee, the Washington Loan & Trust Company, filed in the supreme court of the District a petition for the probate of the last will and testament of the said Abram P. Fardon, and thereafter, on June 25th, filed in the said court a waiver of citation and consent that the will be admitted to probate and record, which was signed by the appellant. On July 8th, following, appellant filed in the court below a paper addressed to that court revoking his consent to the probate of the will and asking leave to withdraw his waiver of citation on the ground that he had signed the same "under a misapprehension," but the record fails to show that this paper was thereafter brought to the court's attention or that any action was taken thereon. It does appear that service by publication was then had, and that the will, after proof of such service, was duly admitted to probate. More than one year after such probate, appellant filed his caveat.

*Mr. Frank J. Hogan* and *Mr. Milton A. Kaufman* for the appellant.

*Mr. John B. Larner* and *Mr. Wm. Hinton Holloway* for the appellee.

Mr. Justice ROBB delivered the opinion of the Court:

Section 137 of the Code [31 Stat. at L. 1212, chap. 854], provides:

"If, upon the hearing of the application to admit a will to probate, the court shall decree that the same be admitted to probate, any person in interest may file a caveat to said will and pray that the probate thereof may be revoked at any time within three months after such decree, if it be a will of personal property, and as far as it is a will of personal property; and if it be a will of real estate, and as far as it is such will of real estate, any person interested actually served with process or personally appearing in such proceedings may file such caveat within one year after such decree; any person interested who at said time was returned 'Not to be found' and was proceeded against by publication may file such caveat within two years after such decree; and any person interested who at the time of said decree is within the age of twenty-one years may file such caveat within one year after he becomes of age."

In *Bowen* v. *Howenstein,* 39 App. D. C. 585, Ann. Cas. 1913E, 1179, it was ruled that the signing of a waiver of citation and consent that a will be admitted to probate does not operate to deprive any person of the right to file a caveat within the time allowed by the above section of the Code. As the caveat in that case was filed within one year, the question was not considered whether, after the filing of such a waiver and consent, the person signing the same is to be regarded as one "personally appearing in such proceedings," within the meaning of the above section, and hence limited to one year within which to file a caveat.

It cannot be denied that the filing of a waiver of citation and consent to probate brought the appellant within the jurisdiction of the court. Section 135 of the Code in effect so declares. This action amounted to a voluntary appearance of the appellant, and that, of course, conferred jurisdiction of the person. Without such a waiver and consent, publication must be resorted to as to persons outside the jurisdiction, but with such waiver and

consent the court may proceed, without more, to probate the will.

Where an appearance has been entered, that is, where as here a party is before the court, the question whether he shall be permitted to withdraw is within the sound discretion of the court, and that discretion will not be exercised in his favor unless good cause be shown. *McArthur* v. *Leffler,* 110 Ind. 526, 10 N. E. 81; *Galt* v. *Provident Sav. Bank,* 18 Abb. N. C. 431; *Dana* v. *Adams,* 13 Ill. 691.

In *Creighton* v. *Kerr,* 20 Wall. 8, 22 L. ed. 309, a general appearance had been entered for the defendant, where otherwise it would have been necessary to proceed by publication against him. Within the time the defendant had been given to plead, the court permitted his attorneys to withdraw their appearance "without prejudice to the plaintiff." Judgment was entered thereafter for the plaintiff. The court observed that the general appearance was equivalent to personal service, and that the appearance "converted into a personal suit that which was before a proceeding *in rem;*" that "the result had been worked when the appearance was entered, and stood in full effect when the withdrawal was made." While the decision in that case was placed upon the trial court's qualified permission to defendant's attorneys to withdraw, the opinion disclaims any intent of the court "to intimate that the result would have been different had the appearance been withdrawn unconditionally, as was the case in *Eldred* v. *Michigan Ins. Bank,* 17 Wall. 551, 21 L. ed. 686."

In the present case, the appellant did not obtain leave to withdraw his waiver of consent which, as we have ruled, amounted to voluntary appearance in the proceeding. Consequently, the paper which he filed, asking leave to withdraw, in no way changed the status of the case. That paper, never having been brought to the court's attention, cuts no figure in the case. That appellee, out of abundant caution, proceeded to publication as to nonresident heirs, cannot affect the result, because in legal contemplation the appellant was at all times before the court.

Section 137 of the Code, recognizing a rule of law, classes

persons interested in an estate who personally appear in probate proceedings with interested persons who actually are served with process. Such persons, the statute contemplates, will have actual knowledge of the result of the proceedings, and, therefore, must act as to real estate within one year after the decree of probate is entered. Nonresidents who may be interested in the estate and who are returned, "Not to be found," and who must be proceeded against by publication, are given two years within which to act. The reason for this discrimination in favor of nonresidents is obvious. Persons actually served or personally appearing, as above suggested, are presumed to know everything that takes place, while a nonresident may be without actual knowledge of the proceeding until considerable time has elapsed. In the present case, appellant must be considered as one personally appearing, and restricted, therefore, to one year after the decree of probate within which to file a caveat. It follows that the decree must be affirmed, with costs.          *Affirmed.*