## RICHARDS *v.* BINGHAM ET AL.

[No. 9,462. Filed January 16, 1918.]

1. APPEAL.—*Briefs.—Record.*—The court on appeal will not search the record to find cause for reversal, though it may do so to affirm, and it is the duty of an appellant to clearly present the facts from the record which show that the trial court committed harmful error. p. 422.

2. DISMISSAL AND NONSUIT.—*Finding of Court.—What Constitutes. —Dismissal.—Statute.*—Remarks of the court made at the close of trial when it took the case under advisement, though indicating its intention as to judgment, were not such an announcement of the court's findings within the meaning of §338 Burns 1914, §333 R. S. 1881, as to preclude a proper motion by a party to dismiss without prejudice. p. 423.

3. DISMISSAL AND NONSUIT.—*Right to Dismiss.—Voluntary Appearance.—Discretion of Court.*—Where appellant, who was substituted by agreement as a party defendant in place of an original defendant, intervened and also filed an answer in general denial to the complaint, his motion to withdraw his intervention and pleadings and take nonsuit without prejudice, filed after the cause had been taken under advisement, was properly denied, notwithstanding §338 Burns 1914, §333 R. S. 1881, permitting a plaintiff to take a nonsuit without prejudice at any time before judgment, since he had no absolute right to withdraw as a party defendant to the original suit, the court having at least discretionary power to refuse such motion on the part of appellant as he had voluntarily appeared, submitted to the jurisdiction of the court, filed his answers and tried the case. p. 423.

4. APPEAL.—*Review.—Overruling Motion for Nonsuit.*—It is not error to overrule a motion which is not well taken as a whole and which asks relief to which the moving party is not entitled. p. 424.

From Fountain Circuit Court; *I. E. Schoonover,* Judge.

Action by James Bingham, receiver, against the Newtown Bank, in which W. E. Richards intervenes. From the judgment rendered, the intervener appeals. *Affirmed.*

*Livengood & Livengood* and *C. R. Brice,* for appellant.

*Bingham & Bingham,* for appellees.

FELT, J.—Appellant states that this is an action in replevin brought by James Bingham, receiver of the Columbia Casualty Company, against the Newtown Bank, to recover a certificate of deposit issued by said bank, calling for $245 and bearing date October 2, 1912, and payable to the Columbia Casualty Company, and indorsed by said company; that appellant, W. E. Richards, intervened in said suit and claims to be the owner of said certificate; that "the issue related solely to the right of ownership and possession of the certificate of deposit in so far as the intervention of plaintiff was concerned"; that at the conclusion of the testimony in the case the judge of the Fountain Circuit Court who tried the case stated in substance that: "There are some features of this case that I could decide at this time while others I desire to have briefed. I do not believe from the evidence that Mr. Richards was an innocent holder, and he is not therefore entitled to recover."

The court then took the case under advisement, and on May 5, 1915, before any further steps were taken in the case, appellant filed "his motion to withdraw his intervention and pleadings and take nonsuit without prejudice," which motion was overruled by the court and excepted to by appellant. On May 29, 1915, the court announced its "findings and rendered judgment in said cause." Appellant's motion for a new trial was duly filed and overruled by the court, to all of which rulings appellant excepted, appealed to this court, and has assigned as error the overrul-

ing of appellant's motion "to dismiss his intervention and pleadings" and his motion for a new trial.

The briefs of appellant do not show in any way what the judgment was from which the appeal was taken, nor do they indicate any of the grounds of the motion for a new trial. We have set out substantially all of the contents of appellant's brief up to the points and authorities.

Appellee earnestly insists that the appeal should be dismissed for the reason that the briefs of appellant do not comply with Rule 22 of this court in many particulars; that the briefs fail to show what the issues were, or how they were decided, what judgment or decree was rendered, and also fail to show any harmful ruling of the court relied upon for reversal, and the exception thereto, so that the court may ascertain from the briefs the precise ruling relied upon and intelligently pass upon the same without an examination of the transcript.

There is much merit in appellee's contention, but our examination of the case convinces us that the judgment of the trial court should be affirmed.

1.    It is the duty of an appellant to clearly present the facts from the record which show that the trial court committed harmful error. The court will not search the record to find cause for reversal, though it may do so to affirm.

The record in this case shows that the original complaint was filed by Bingham, receiver, against the Newtown Bank and the Commonwealth Trust Company; that thereafter, by agreement with the plaintiff, W. E. Richards, appellant, was substituted as defendant in the place of said trust company; that thereupon he filed an answer in general denial to plaintiff's complaint. He also filed a special para-

graph of answer to the complaint in which he set up facts to show that by lawful transfers and indorsements he became an innocent holder for value of the certificate of deposit aforesaid, before the suit of the plaintiff was instituted, and is the lawful owner thereof. He also filed a cross-complaint in which he sought to set up his right to, and ownership of, the certificate.

Appellant states in his brief that the sole question urged for reversal is that the court erred in overruling his "motion to dismiss his intervention and withdraw his pleadings without prejudice." The record shows that appellant moved "the court to dismiss his intervention and *all his pleadings* without prejudice." (Our italics.)

Appellant contends that under §338 Burns 1914, §333 R. S. 1881, he had the absolute right to have his motion sustained, and his action dismissed, at

2. any time before the finding of the court was announced; that the finding was not so announced until after his motion was made, and that the remarks of the court made at the close of the trial were not such an announcement of the court's findings as is contemplated by the statute. In the latter contention we think appellant is correct. *Burns* v. *Reigelsberger* (1880), 70 Ind. 522, 524; *Mitchell* v. *Friedley* (1891), 126 Ind. 545, 549, 26 N. E. 391.

The language of appellant's motion is peculiar, but it can only mean that he sought to withdraw his appearance in the case and all his pleadings.

3. By agreement he became a party defendant to the original complaint and filed his answer thereto in two paragraphs. The motion sought to withdraw appellant's appearance to the complaint

and his answers thereto as well as his cross-complaint. He had no absolute right to withdraw as a party defendant to the original suit. At least the court had the discretionary power to refuse to sustain such motion, inasmuch as he had voluntarily appeared, submitted to the jurisdiction of the court, filed his answers to the complaint and tried the case. *McArthur* v. *Leffler* (1887), 110 Ind. 526, 530, 10 N. E. 81; *D. S. Morgan & Co.* v. *White* (1885), 101 Ind. 413, 416; *Young* v. *Dickey* (1878), 63 Ind. 31, 33.

We are not called upon to decide what appellant's rights would have been had he sought only to withdraw his cross-complaint. Having included in his motion his full appearance in the case and all his pleadings, he has no cause to complain of the court's ruling. He had no absolute right to all the relief prayed, and cannot complain that the court acted on his motion as presented. It is not error to overrule a motion which is not well taken as a whole and which asks relief to which the moving party is not entitled. *Baum* v. *Thoms* (1897), 150 Ind. 378, 390, 50 N. E. 357, 65 Am. St. 368, and cases cited.

Judgment affirmed.

NOTE.—Reported in 118 N. E. 372.