SAUER, ADMINISTRATRIX, *v.* SAUER ET AL.

[No. 11,055. Filed December 1, 1921.]

1. JUDGMENT.—*Time Cause Remains in Fieri.*—*Motion to Amend Judgment.*—A cause remains *in fieri* during the term at which judgment is rendered, but it may remain *in fieri* beyond such term where a motion is made during such term to amend or vacate the judgment. p. 25.

2. JUDGMENT.—*Proceedings in Fieri.*—*Power of Court to Set Aside Judgment.*—*Statutes.*—The trial court had authority to

expunge an entry of dismissal and judgment for costs after the expiration of the term at which such record was made and judgment entered, where a motion to set aside the order of dismissal was made during the term, though no order for a continuance was made during the term, the cause having been continued by reason of the pending motion, under §1447 Burns 1914, §1327 R. S. 1881 providing that if at the end of the term of court any matters pending therein are undetermined, they shall stand continued until the next term. p. 26.

3. DISMISSAL AND NONSUIT.— *Right to Dismiss.— Court's Announcement of Intended Finding.—Statutes.*—Under §338 Burns 1914, §333 R. S. 1881, giving plaintiff the right to dismiss his suit without prejudice "before the finding of the court is announced," though the court may announce his finding in open court, a mere intimation of what the finding will be is not sufficient to bar plaintiff's statutory right to dismiss his action. p. 27.

4. DISMISSAL AND NONSUIT.—*Right to Dismiss Action.—Court's Announcement of Finding.—Statutes.*—A statement by the trial judge in open court that he found for the plaintiff against named defendant, and in favor of named codefendant, *held* a sufficient announcement of the court's finding to bar plaintiff's right to dismiss under §338 Burns 1914, §333 R. S. 1881, giving plaintiff the right to dismiss his suit without prejudice any time before the finding of the court is announced. p. 27.

5. APPEAL.—*Review.—Evidence.—Sufficiency.*—Where there is a substantial evidence to support the trial court's decision it will be sustained on appeal, although there may be other evidence in the record which strongly contradicts it. p. 27.

From Lake Superior Court; *Virgil S. Reiter,* Judge.

Action by Albert Sauer, for whom Wilhelmina Sauer, administratrix of the estate of Albert Sauer, deceased, was substituted, against Constance G. Sauer and another. From the judgment rendered, the plaintiff appeals. *Affirmed.*

*Woollen, Cox & Welliver, William G. McAleer, Francis J. Dorsey* and *Gerald A. Gillette,* for appellant.
*Ibach, Gavit, Stinson & Gavit,* for appellees.

BATMAN, J.—The record discloses that appellant's decedent commenced this action against appellees to re-

cover judgment on a promissory note, and to foreclose a mortgage alleged to have been given to secure the same. Appellee Frederick W. Sauer was defaulted. Issues were joined by his coappellee Constance G. Sauer, and a trial had by the court. At the conclusion of the evidence the judge trying the cause stated in open court that he "found for the plaintiff against the defendant, Frederick W. Sauer, and in favor of the defendant, Constance G. Sauer, on the grounds of suretyship," and requested the attorney of appellant's decedent "to bring in the note so that the proper amount then due on said note could be ascertained." This statement and request was made on April 30, 1919, and during the March term, 1919, of the trial court. No further steps were taken in said cause until October 2, 1919, being the twenty-second judicial day of the September term, 1919, of said court, when appellant's decedent filed a motion to dismiss the cause at his cost, without prejudice. Thereupon the following entry was made on the records of the trial court by the clerk thereof, without the knowledge of the trial judge, and the same was signed by said judge, along with others, without any knowledge that such entry had been made:

"Comes now the plaintiff and dismisses his complaint at his own costs without prejudice.

It is therefore considered, adjudged and decreed by the court that the defendant have and recover of and from the plaintiff all their costs herein laid out and expended."

On October 20, 1919, the same being the thirty-seventh judicial day of the September term, 1919, of said court, appellee Constance G. Sauer filed a motion to set aside said order of dismissal, entered on October 2, 1919, and asked that judgment be entered on the finding theretofore made and announced by the court. No action was taken on said motion at said September term.

Afterwards on November 10, 1919, the same being the first judicial day of the November term of said court, appellee Constance G. Sauer filed an amended motion, asking the same relief, in which the grounds therefor were more fully stated. The record fails to show that any formal ruling was made on said motion, but on the seventeenth judicial day of said November term, the court expunged the said entry of dismissal and judgment for costs made by the clerk on October 2, 1919, and having considered the motion to dismiss this cause, filed by appellant's decedent on said date, overruled the same. Thereupon judgment was rendered in favor of appellee Constance G. Sauer and against her coappellee. Appellant's decedent then filed a motion for a new trial, which was overruled, and this appeal followed.

Appellant contends that the court had no authority to expunge the record of dismissal and set aside the judgment for cost entered on October 2, 1919, after

1. the expiration of the September term, at which such record was made and judgment entered. It bases this contention on the ground, that after the expiration of said term, the cause was no longer *in fieri*. In reaching this conclusion appellant has evidently overlooked the fact that appellee Constance G. Sauer filed her motion to set aside said order of dismissal at the same term at which it was entered, or has failed to give such fact proper effect. It is well settled that a cause remains *in fieri* during the term at which judgment is rendered, but it may remain *in fieri* beyond such term, where a motion is made during such term to vacate or amend the same. 23 Cyc 861 and 904. The Supreme Court of this state has, in effect, so held in the case of *Vesey* v. *Day* (1910), 175 Ind. 406, 94 N. E. 481, wherein it is said: "It is settled in this State that courts have full and complete control of the record of their proceedings during the entire term at which such proceed-

ings are had, and that no notice of a motion to set aside a judgment is necessary, if it is made during the term of court at which said judgment was rendered. * * * If such motion is made at the term at which the judgment was rendered it may be continued to a subsequent term and the judgment may be then vacated." This is in harmony with the decisions in many other jurisdictions where the subject has been considered. *Blake* v. *Baker* (1917), (Okla.) 167 Pac. 329; *Grubb* v. *Milan* (1911), 249 Ill. 456, 94 N. E. 927; *Ricketts* v. *Finkelston* (1919), (Mo. App.) 211 S. W. 391; *Cole* v. *State* (1913), 73 W. Va. 410, 80 S. E. 487, Ann. Cas. 1916D 1256; *Philip Carey Co.* v. *Vickers* (1913), 38 Okla. 643, 134 Pac. 851; *Bottigliero* v. *Cozzi* (1913), 176 Ill. App. 311; *Bronson* v. *Schulten* (1881), 104 U. S. 410, 26 L. Ed. 797; *Niles* v. *Parks* (1892), 49 Ohio St. 370, 34 N. E. 735; *Dye* v. *Denver, etc., R. Co.* (1917), 101 Kan. 666, 168 Pac. 1087. The fact that no order for

2. a continuance of the cause was made during the term at which such motion was filed is of no significance, as §1447 Burns 1914, §1337 R. S. 1881, provides that, "If at the end of the term of any court, any matters pending therein are undetermined, the same shall stand continued until the next term." As to the application of a similar statute see *Cole* v. *State, supra.* See also the case of *Hufford* v. *Lewis* (1902), 29 Ind. App. 202, 64 N. E. 99, wherein the court said: "In the absence of some showing to the contrary, it will be presumed the cause was regularly continued, and that there was sufficient ground for so doing." The cause having been continued by reason of the pending motion, the fact that it was not expressly ruled on at the following term is of no consequence, as the court by its action in effect sustained the same.

Appellant contends that the court erred in refusing to dismiss the cause on the motion of her decedent. She

bases this contention on §338 Burns 1914, §333 R.

3.  S. 1881, which provides: "An action may be dismissed without prejudice—First. By the plaintiff  *  *  *  when the trial is by the court, at any time before the finding of the court is announced." In applying this provision, it has been held that the announcement referred to may be made orally in open court. *Cohn* v. *Rumely* (1881), 74 Ind. 120. But that a mere intimation of what the finding will be is not sufficient to bar a plaintiff's right under the statute. *Beard* v. *Becker* (1880), 69 Ind. 498; *Burns* v. *Reigelsberger* (1880), 70 Ind. 522; *Louisville, etc., R. Co.* v. *Wylie* (1891), 1 Ind. App. 136, 27 N. E. 122; *Van Sant* v. *Wentworth* (1915), 60 Ind. App. 591, 108 N. E. 975; *Richards* v. *Bingham* (1918), 66 Ind. App. 420,

4.  118 N. E. 372. While the rule is correctly stated in the cases cited, it can have no application under the facts of this case, as the record shows that the trial judge stated in open court that he "found for the plaintiff against the defendant, Frederick W. Sauer, and in favor of the defendant, Constance G. Sauer, on the grounds of suretyship." This statement is clearly beyond the scope of mere intimation, and falls within the meaning of the term "announced" as defined in the case of *Walker* v. *Heller* (1877), 56 Ind. 298.

Appellant finally contends that the decision of the court, that the note and mortgage in suit were executed by appellee Constance G. Sauer as surety for her

5.  coappellee Frederick W. Sauer is not sustained by the evidence. It is unfortunate in the administration of justice that the evidence submitted is often of such a character as to leave the trial court in doubt as to its preponderance. However, it is the duty of the trial court to reach a conclusion in every case submitted to it, and make its decision accordingly, although the evidence as to some material fact may not be entirely

clear.   Where there is any substantial evidence to support such decision, we must sustain it on appeal, although we may find in the record other evidence which strongly contradicts it.   *Gray* v. *Blankenbaker* (1918), 68 Ind. App. 558, 121 N. E. 84; *Cassidy* v. *Ward* (1919), 70 Ind. App. 550, 123 N. E. 724.   In the instant case there is substantial evidence tending strongly to support the decision of the trial court, and therefore it is our duty to sustain it, notwithstanding there is evidence to the contrary, as pointed out by appellant. There was no error in overruling the motion for a new trial.   Judgment affirmed.