PHILLIPS et ux. v. THE MACCABEES.
No. 1221.

Court of Civil Appeals of Texas. Waco.
May 12, 1932.

Robert F. Higgins, of Tyler, and C. R. Glass, of Marlin, for appellants.

E. C. Street, of Waco, for appellee.

ALEXANDER, J.

The plaintiff by its original petition brought this suit against the defendants in trespass to try title to recover a tract of land in Falls county. The defendants filed a formal answer. On appearance day, at the call of the appearance docket, the defendants requested leave to withdraw their answer and appearance and plaintiff requested leave to file an amended petition. The court permitted the defendants to withdraw their answer and appearance, but stated that he was uncertain as to the legal effect thereof. After the court had granted this request, the court then granted the plaintiff leave to file an amended petition. The amendment set up a new cause of action. The defendants were not thereafter cited and did not otherwise enter their appearance until they filed a motion for new trial after judgment. Judgment was entered for the plaintiff on the cause of action as set up in the amended petition. The defendants appealed and they here insist that the trial court did not have jurisdiction over them on the new cause of action set up in the amended petition. There is no contention made that the attorney who filed the answer for the defendants did not have lawful authority to appear for them.

We will first notice the effect of the attempt by the defendants to withdraw their appearance. Under our statute, the filing of an answer constitutes an appearance and dispenses with the necessity of citation. Revised Statutes, art. 2047. In other states, an appearance may be entered for a limited or special purpose and it appears that a defendant may withdraw his appearance and thus free himself from constructive notice, at least of the proceedings of the court thereafter. McArthur v. Leffler, 110 Ind. 526, 10 N. E. 81; Graham v. Spencer (C. C.) 14 F. 603; York v. Texas, 137 U. S. 15, 11 S. Ct. 9, 34 L. Ed. 604. But in Texas there is no such thing as a special appearance. When an appearance is once made the defendant is before the court for all purposes. York v. State, 73 Tex. 651, 11 S. W. 869; A., T. & S. F. Ry. Co. v. Stevens, 109 Tex. 262, 206 S. W. 921.

A defendant who has once entered his appearance may withdraw his answer, but he cannot thus withdraw his appearance nor destroy the legal effect thereof. If this were not true a defendant, who had not been served with citation but who had conferred jurisdic-

tion on the court over his person by entering an appearance as provided in the statute, could withdraw his appearance in the midst of the trial and thus destroy the power of the court to proceed to judgment. A defendant cannot be in court and out of court at his will. Having once submitted himself to the jurisdiction of the court, he cannot relieve himself from the consequences thereof by withdrawing from the case. Williams v. Huling, 43 Tex. 113, 120; Edinburg Irrigation Co. v. Ledbetter (Tex. Civ. App.) 247 S. W. 335, par. 10; Id. (Tex. Com. App.) 286 S. W. 185; Liles v. Woods, 58 Tex. 416; Cruz v. Texas Glass & Paint Co. (Tex. Civ. App.) 199 S. W. 819, par. 10; Mexican Central Ry. Co. v. Charman (Tex. Civ. App.) 24 S. W. 958; 4 Tex. Jur. 619, par. 6.

██ Since the defendants could not withdraw their appearance, they were as effectively before the court as if they had not attempted to withdraw their appearance. Were they charged with constructive notice of the new cause of action thereafter set up in the amendment? The general rule is stated to be that a defendant who has been cited but has not answered must be notified of every amendment which sets up a new cause of action or requires a more onerous judgment of him; but if he has pleaded to the action or otherwise entered an appearance therein, he is before the court for all purposes and is charged with notice of all amendments thereafter filed. Spivey v. Saner-Ragley Lumber Co. (Tex. Com. App.) 284 S. W. 210, par. 3; Empire Gas & Fuel Co. v. Noble (Tex. Com. App.) 36 S.W. (2d) 451, par. 3; Sullivan v. Doyle, 108 Tex. 368, 194 S. W. 136; H. & T. C. Ry. Co. v. Walker, 107 Tex. 241, 173 S. W. 208, 177 S. W. 954; S. A. U. & G. Ry. Co. v. Hales (Tex. Civ. App.) 196 S. W. 903, par. 2; Tyson v. First State Bank & Trust Co. (Tex. Civ. App.) 154 S. W. 1055, par. 1; Farrell v. Gilbert (Tex. Civ. App.) 245 S. W. 775, par. 2; Puntney v. Moseley (Tex. Civ. App.) 237 S. W. 1116, par. 4; 4 Tex. Jur. 641, 642.

██ Whether or not this rule applies to a defendant who has no notice of the amendment and who does not appear in court after the filing thereof, it is not necessary for us to determine, for in this case the attorney for the defendants was actually present in open court and taking part in the proceedings at the time leave was requested to file the amendment. At that time the defendants had not withdrawn their answer. They had notice of the application to amend and were charged with knowledge that the motion would be acted on by the court. They also knew that if the motion should be granted, the amendment would be filed. It was their duty to inform themselves as to the contents of the amendment. It was not necessary that they be again served with citation upon the filing of the amended petition.

██ The defendants further contend that the pleadings were not sufficient to authorize the judgment which was actually entered. The plaintiff in the amended petition alleged that it entered into a contract with the defendants by which it agreed to sell the defendants the tract of land in question and the defendants agreed to pay therefor the sum of $3,000, to be paid $500 on January 1, 1931, and the balance in notes, maturing monthly during a period of approximately eight years. In order to secure the faithful performance of the contract, the defendants deposited in escrow a certain diamond ring. The plaintiff alleged that the defendants breached the contract and refused to accept title to the land and to execute the notes as provided in the contract. The suit was to recover the purchase price of the land and to foreclose a lien on the land and the diamond ring. Judgment was granted as prayed for by the plaintiff. It is the defendants' contention that plaintiff's remedy was for damages for the breach of the contract, and that in no event was plaintiff entitled to recover that part of the purchase money that would not have been due under the contract at the time of the trial.

As we understand the rule, where a vendee breaches a contract for the sale of land, the vendor may treat the contract as breached and sue for the damages, or he may affirm the contract and sue for the purchase price. If the vendor elects to affirm the contract, he is entitled to recover the agreed purchase price of the land, with foreclosure of his implied lien, without waiting until the installments mature as provided in the contract. The contract purchaser, having refused to execute notes for the deferred payments as provided in the contract, waives his right to postpone the maturity of the indebtedness. Young v. Dalton, 83 Tex. 497, 18 S. W. 819; Empire Gas & Fuel Co. v. Pendar (Tex. Civ. App.) 244 S. W. 184, par. 2; Smith v. Chipley (Tex. Civ. App.) 14 S.W.(2d) 116, par. 3; Gambrell v. Tatum (Tex. Civ. App.) 228 S. W. 287; Hooser v. Forbes (Tex. Civ. App.) 33 S.W. (2d) 550; Parr v. McGown (Tex. Civ. App.) 98 S. W. 950.

Finding no error, the judgment of the trial court is affirmed.