**In the Matter of $475,001.16.**

No. 01–01–00750–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 27, 2002.

Tex A. Wariboko, Wariboko & Associates, P.C., Houston, for Appellant.

Karen L. Morris, Assistant District Attorney, Houston, for Appellee.

Panel consists of Justices HEDGES, KEYES, and DUGGAN.*

## OPINION

ADELE HEDGES, Justice.

Appellant, Adam Mahamat, appeals from a default judgment in a forfeiture

---

* The Honorable Lee Duggan, Jr., retired Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

proceeding. In two points of error, appellant contends that (1) the evidence was legally and factually insufficient to establish that appellee, the State of Texas, properly served appellant with citation in accordance with the Texas Rules of Civil Procedure, and (2) the trial court erred in rendering a no-answer default judgment because an answer was on file when the judgment was rendered. We reverse and remand.

## Background

The State filed an action against appellant for seizure and forfeiture of approximately $475,001.16 that was on deposit with appellant's financial institution. The State attempted to serve appellant with process but was unable to locate him. About a month later, citation by publication was issued, and a return of service was subsequently filed with the clerk of the court. On January 29, 2001, the court appointed Elton Brownshadel to serve as attorney ad litem for appellant. In the meantime, appellant retained Tex A. Wariboko to handle the matter. Wariboko signed an authorization to accept service on behalf of appellant. On or about February 13, 2001, the State sent Wariboko a copy of its original notice of seizure and intended forfeiture by certified mail. No citation was attached to this notice. On February 14, 2001, the attorney ad litem filed an original answer. On March 13, 2001, the State obtained a default judgment. On that same day, the attorney ad litem filed a motion to withdraw as counsel. However, the attorney ad litem's motion was not granted until March 26, 2001. Appellant filed a notice of restricted appeal.

## Entry of Default Judgment

■ In his second point of error, appellant contends that the trial court erred in rendering a no-answer default judgment because there was sufficient evidence in the record to prove that an answer was on file when such judgment was rendered. On February 14, 2001, the attorney ad litem filed an original answer on appellant's behalf. On March 13, 2001, the State obtained a default judgment. Therefore, an answer was on file when such judgment was entered.

■ A default judgment may not be rendered after the defendant has filed an answer.[1] TEX.R. CIV. P. 239; *Davis v. Jefferies*, 764 S.W.2d 559, 560 (Tex.1989) (per curiam). As a general rule, if an answer is filed after the answer date, but before the trial court renders the default judgment, it is error for the court to render a default judgment. *Davis*, 764 S.W.2d at 560; *$429.30 In U.S. Currency v. State*, 896 S.W.2d 363, 365 (Tex.App.-Houston [1st Dist.] 1995 no pet.). Moreover, once a defendant has made an appearance in a cause, he is entitled to the notice of the trial setting as a matter of due process under the Fourteenth Amendment. *Peralta v. Heights Medical Ctr., Inc.*, 485 U.S. 80, 86, 108 S.Ct. 896, 899–900, 99 L.Ed.2d 75 (1988); *LBL Oil Co. v. Int'l Power Serv., Inc.*, 777 S.W.2d 390, 390–91 (Tex.1989). A post-answer default judgment is valid only if the defendant has received notice of the default judgment hearing. *$429.30 In U.S. Currency*, 896 S.W.2d at 366. The record does not indicate that appellant received notice of the default judgment hearing. This hearing was effectively his trial setting because it

---

1. Rule 239 of the Texas Rules of Civil Procedure provides in relevant part that "at any time after a defendant is required to answer, the plaintiff may in term time take judgment by default against such defendant if he has not previously filed an answer." TEX.R. CIV. P. 239.

was dispositive of the case. *See LBL Oil Co.*, 777 S.W.2d at 390–91.

The State argues that appellant cannot rely on the attorney ad litem's answer because the attorney ad litem stated in his motion for withdrawal that appellant had hired his own attorney who had accepted service for appellant. The State's argument misses the point. The attorney ad litem filed an answer on appellant's behalf before the default judgment was rendered. It is insignificant that the attorney ad litem had filed a motion to withdraw as counsel the same day the default judgment was rendered. The attorney ad litem's motion was not granted until weeks after the default judgment was rendered. Likewise, it is insignificant that appellant had hired another attorney, because the attorney ad litem still had authority to act on appellant's behalf when he filed the answer.

■ It is well-established that an appointed trial counsel continues to represent a criminal defendant, as a matter of law, until he is officially relieved or the appeal is exhausted. *Ward v. State*, 740 S.W.2d 794, 797 (Tex.Crim.App.1987); *Boyette v. State*, 988 S.W.2d 479 (Tex.App.-Houston [1st Dist.] 1999, no pet.); Tex. Code Crim. Proc. Ann. art. 26.04(a) (Vernon 1989). Although this holding reflects the rule as applied to appointed attorneys in criminal cases, we find no reason why that rule should not be applied with equal force to appointed attorneys in civil cases. In the instant case, the attorney ad litem's motion for withdrawal was not effective until it was granted. The default judgment was rendered after the attorney ad litem filed an answer and before his motion for withdrawal was granted. Accordingly, it was error to render a no-answer default judgment.

We sustain appellant's second point of error.

## Service of Process

■ In his first point of error, appellant contends that the evidence was legally and factually insufficient to establish that the State properly served appellant with citation in accordance with the Texas Rules of Civil Procedure. In reviewing legal insufficiency points, we consider only the evidence and inferences, viewed in their most favorable light, that tend to support the finding and disregard all evidence and inferences to the contrary. *Barnett v. Barnett*, 985 S.W.2d 520 (Tex. App.-Houston [1st Dist.] 1998), *rev'd on other grounds*, 67 S.W.3d 107 (Tex.2001). We must uphold the fact-finder's findings when more than a scintilla of evidence exists to support them. *Texas Dept. Of Transp. v. Able*, 35 S.W.3d 608, 613 (Tex. 2000). More than a scintilla exists when the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Lozano v. Lozano*, 52 S.W.3d 141, 155 (Tex.2001). In reviewing factual insufficiency points, we must examine all of the evidence. We will set aside the verdict only if the evidence is so weak, or the finding is so against the great weight and preponderance of the evidence, that it is clearly wrong and unjust. *Dow Chemical Co. v. Francis*, 46 S.W.3d 237, 242 (Tex.2001). We cannot merely substitute our opinion for that of the fact-finder. *Vannerson v. Vannerson*, 857 S.W.2d 659, 666 (Tex.App.-Houston [1st Dist.] 1993, writ denied).

In this case, the attorney ad litem filed an answer on February 14, 2001. Rule 121 of the Texas Rules of Civil Procedure provides that "an answer shall constitute an appearance of the defendant so as to dispense with the necessary for the issuance or service of citation upon him." Tex.R. Civ. P. 121. The attorney ad litem was acting on appellant's behalf and with

authority when he filed an answer. Therefore, appellant has waived his right to challenge the defects in service. *Burrow v. Arce,* 997 S.W.2d, 229, 246 (Tex.1999); *In re $6453.00 v. State,* 63 S.W.3d 533, 536 (Tex.App.-Waco 2001, no pet.).

We overrule appellant's first point of error.

### Conclusion

We reverse the default judgment rendered by the trial court and remand the cause to the court below for proceedings consistent with this opinion.