**AFFIRMED; Opinion Filed October 18, 2018.**



In The
# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-17-00847-CV

## PETRINA L. THOMPSON, Appellant
## V.
## DALLAS CITY ATTORNEY'S OFFICE, Appellee

**On Appeal from the 192nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-16-15685-K**

## MEMORANDUM OPINION

Before Justices Myers, Evans, and Brown
Opinion by Justice Myers

Petrina Thompson appeals the trial court's judgment granting the Dallas City Attorney's Office's motion for summary judgment and dismissing her claims with prejudice. Thompson brings four issues on appeal contending the trial court erred (1) by denying her motion for new trial because she satisfied the requirements of *Craddock v. Sunshine Bus Lines*; (2) by denying her motion for new trial on the ground that she misnamed the defendant; (3) by denying her motion to reinstate; and (4) by denying her motion to modify the judgment. We affirm the trial court's judgment.

## BACKGROUND

Thompson was an employee of the City of Dallas's City Attorney's Office from 2011 until 2015. In 2016, she filed a complaint against appellee with the Texas Workforce Commission alleging employment discrimination. On October 26, 2016, the Commission

notified Thompson it was unable to conclude that a statutory violation had occurred and advised her that she had sixty days from that date to file suit on her claims. The sixtieth day after October 26, 2016 was December 25, 2016.

Thompson timely filed suit against appellee on December 8, 2016. However, the petition did not identify a person to be served. As a result, appellee was not served by December 25. Thompson then filed an amended petition, again listing "Dallas City Attorney's Office" as the defendant. The amended petition stated appellee could be served through service on the City Attorney and the Mayor. The City Attorney and the Mayor were served with the suit on January 6, 2017. Appellee filed its original answer on January 30, 2017, asserting a general denial and alleging several affirmative defenses including that Thompson's claims were barred by the statute of limitations.

On March 21, 2017, appellee filed a supplement to its answer alleging Thompson's claims were barred "by defect of parties because Plaintiff has sued the Dallas City Attorney's Office, a department within the City of Dallas, which is a non-jural entity that has no legal capacity to be sued." The same day, appellee filed a motion for summary judgment asserting the suit was barred by limitations and because appellee was a non-jural entity. Thompson did not amend her petition to allege suit against the City of Dallas. She also did not file a response to the motion for summary judgment. The trial court held a hearing on the motion for summary judgment, but Thompson did not appear at the hearing. On April 18, 2017, the trial court signed the final judgment, which granted appellee's motion for summary judgment and ordered that Thompson's claims were dismissed with prejudice.

Thompson timely filed a motion to reinstate the case and a motion for new trial. The motion to reinstate asserted the case should be reinstated on the trial court's docket as required by Rule of Civil Procedure 165a, which provides for reinstatement of a case that has been

dismissed for want of prosecution. *See* TEX. R. CIV. P. 165a. The motion for new trial asserted that the trial court should have denied the motion for summary judgment and that the disposition of the case should have been without prejudice. Thompson also filed a motion for leave to file an out-of-time response to the motion for summary judgment and a motion to correct or reform the judgment. The trial court denied all the post-judgment motions.

## MOTION FOR NEW TRIAL

In her first issue, Thompson contends the trial court erred by denying her motion for new trial because she satisfied the *Craddock* test. In her second issue, Thompson contends the trial court erred by denying her motion for new trial on the summary judgment ground that Thompson misnamed the proper defendant.

A motion for new trial must be filed within thirty days after the judgment is signed. TEX. R. CIV. P. 329b(a). "One or more amended motions for new trial may be filed without leave of court before any preceding motion for new trial filed by the movant is overruled and within thirty days after the judgment or other order complained of is signed." TEX. R. CIV. P. 329b(b). We review the denial of a motion for new trial for an abuse of discretion. *Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 813 (Tex. 2010).

Thompson argues on appeal that the trial court should have granted her motion for new trial, set aside the summary judgment, and permitted her to file a response to the motion for summary judgment because she satisfied the requirements for a new trial set forth in *Craddock v. Sunshine Bus Lines*, 133 S.W.2d 124 (Tex. 1939).

In *Craddock*, the supreme court stated:

> A default judgment should be set aside and a new trial ordered in any case in which [1] the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or an accident; provided [2] the motion for a new trial sets up a meritorious defense and [3] is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff.

–3–

*Id.* at 126. That reasoning has been applied to a nonmovant for summary judgment who fails to file a response to a motion for summary judgment when the nonmovant had no opportunity to seek a continuance or obtain permission to file a late response. *See Carpenter v. Cimarron Hydrocarbons Corp.*, 98 S.W.3d 682, 686 (Tex. 2002) (*Craddock* does not apply when nonmovant discovers mistake before summary judgment hearing and has opportunity to seek continuance or leave to file late response); *Costello v. Johnson*, 680 S.W.2d 529, 531 (Tex. App.—Dallas 1984, writ ref'd n.r.e.) ("We here hold that the *Craddock* standard of review applies to a summary judgment default where the non-movant has failed to respond to the motion due to accident or mistake just as in the situation where a party fails to appear for the trial due to accident or mistake after answering and a default judgment is rendered"; court held appellant failed to meet first and second *Craddock* requirements).

### 1. Accident or Mistake

The first element of the *Craddock* test, as applied to a summary judgment, concerns whether the nonmovant's failure to file a response to the motion for summary judgment was the result of conscious indifference or whether it resulted from accident or mistake. *See Costello*, 680 S.W.2d at 531. We also consider whether the nonmovant discovered the accident or mistake before the summary judgment hearing and in time to file a motion for continuance or motion for leave to file a late response to the motion for summary judgment. *See Carpenter*, 98 S.W.3d at 686. In this case, Thompson's timely filed motion to reinstate explains that her attorney was served the motion for summary judgment by e-mail from appellee's attorney. According to the exhibits attached to the motion to reinstate, appellee's attorney served Thompson's attorney by e-mail with the motion for summary judgment and other documents at 4:07 p.m. on March 21, 2017. At 4:22 p.m., the "eFileTexas.gov" system sent an e-mail to Thompson's attorney stating there had been a filing in this case of a "Notice" described as "Notice of Hearing on Def's MSJ."

The e-mail contained a link to the document. Thompson's attorney said that due to "fat fingers," she accidentally opened the second e-mail with the link to the setting for the summary judgment hearing but that she did not read it. The e-mail was marked "read" on the attorney's e-mail inbox, and she did not look at the e-mail again before the date of the hearing. She stated she first learned of the hearing when she called the court clerk after receiving notice of the summary judgment. Thompson's attorney asserts this is sufficient explanation of an accident or mistake not discovered until after the judgment was signed to afford the relief of a new trial under *Craddock*. We will assume, for purposes of this appeal, that Thompson's attorney's explanation met the first element of *Craddock* because it was sufficient to establish that the failure to respond to the motion for summary judgment was not the result of conscious indifference but was due to her accident or mistake and was not discovered until after the summary judgment hearing and after the court signed the judgment.

### 2. Meritorious Defense

We next consider whether Thompson's motion for new trial met the second element of *Craddock*, the setting up of a meritorious defense to the motion for summary judgment. In her motion for new trial, Thompson's attorney explained how she would have responded to the motion for summary judgment to show that the granting of the motion was improper on the ground of limitations and the ground that appellee is not a legal entity.

We first address appellee's summary judgment ground that Thompson's suit was barred because appellee is not a legal entity with capacity to be sued. "As a rule, a governmental entity without the power to sue and be sued cannot be a party in litigation." *Tooke v. City of Mexia*, 197 S.W.3d 325, 334 (Tex. 2006); *see also Bailey v. Vanscot Concrete Co.*, 894 S.W.2d 757, 759 (Tex. 1995) ("Civil suits may be maintained only by or against parties having an actual or legal existence."). Thompson argued in her motion for new trial that appellee waived its lack of

capacity by filing a general denial before filing an amended answer containing a verified denial of lack of capacity. In support of this argument, Thompson cites *Phillips v. The Maccabees*, 50 S.W.2d 478 (Tex. Civ. App.—Waco 1932, no writ), and *In re $475,001.16*, 96 S.W.3d 625 (Tex. App.—Houston [1st Dist.] 2002, no pet.). Neither case supports Thompson's argument.

In *Phillips*, the plaintiff sued the defendants, and the defendants answered and appeared in the suit by filing "a formal answer." *Phillips*, 50 S.W.2d at 478. Later, the defendants requested leave to withdraw their answer, and the plaintiff requested leave to file an amended petition. The trial court granted both requests. The plaintiff then filed an amended petition containing a new cause of action. The plaintiff did not serve the defendants with citation concerning the amended petition. The trial court awarded judgment to the plaintiff on its cause of action. On appeal, the defendants asserted the trial court did not have jurisdiction over them on the new cause of action in the amended petition. *Id.* The court of appeals disagreed, concluding that although the defendants had withdrawn their answer, they could not withdraw their appearance, and "they were as effectively before the court as if they had not attempted to withdraw their appearance." *Id.* at 479. And, because the defendants had appeared in the suit, they were "before the court for all purposes and [were] charged with notice of all amendments thereafter filed." *Id.* The defendants were "T.M. Phillips and wife," and nothing in the opinion indicates they asserted lack of capacity to be sued. *See id.* at 478 (synopsis). The opinion does not address whether a defendant that is not a jural entity can waive its lack of capacity to be sued.

In *In re $475,001.16*, the State filed suit against the defendant, an individual, seeking forfeiture of money. *See In re 475,001.16*, 96 S.W.3d at 627. The State was unable to serve the defendant personally, and citation by publication was issued. *Id.* The trial court appointed an attorney ad litem for the defendant, and the attorney ad litem filed an answer for the defendant. The trial court then rendered a default judgment against the defendant. The defendant appealed,

asserting the trial court erred by entering the no-answer default judgment because the attorney ad litem had filed an answer for him. The defendant also asserted he had not been properly served. *Id.* The court of appeals concluded the trial court erred by entering the no-answer default judgment because the attorney ad litem for the defendant had filed an answer for the defendant. *Id.* at 628. The court of appeals also concluded the answer filed by the attorney ad litem waived all defects of service. *Id.* at 628–29. The defendant did not assert that he lacked capacity to be sued.

Neither of the cases cited by Thompson address whether a defendant's filing of a general denial before filing a verified denial of lack of capacity to be sued waives the defendant's lack of capacity. The lack of capacity to be sued is not a defect of service that would be waived by making an appearance in the suit. We conclude Thompson has not shown appellee waived its lack of capacity to suit by filing a general denial.

Thompson also asserted in the motion for new trial and on appeal that her filing suit against appellee instead of the City of Dallas was a misnomer that did not harm appellee because the City had notice of the suit. "A misnomer occurs when a party misnames itself or another party, but the correct parties are involved." *In re Greater Houston Orthopaedic Specialists, Inc.*, 295 S.W.3d 323, 325 (Tex. 2009) (per curiam) (orig. proceeding). A petition naming the wrong defendant "is nonetheless effective, for limitations purposes, when filed, with any subsequent amendment relating back to the date of the original filing." *Id.* at 326. However, the supreme court stated, "Of course, at some point before judgment, the plaintiff must amend the petition to add the correct legal name of the actual defendant." *Chilkewitz v. Hyson*, 22 S.W.3d 825, 829 (Tex. 1999). The courts will not correct a plaintiff's misnaming of the defendant "by retroactively substituting in the correct party on his behalf." *Id.* at 764. In this case, Thompson has not asserted she lacked timely notice of appellee's verified denial alleging its lack of capacity

to be sued. However, Thompson never filed an amendment to her petition to allege suit against the City of Dallas instead of appellee. Nor has she provided an explanation for her failure to do so.

We conclude Thompson failed to set up a meritorious defense to the second ground in appellee's motion for summary judgment asserting appellee lacked capacity to be sued. Accordingly, we need not determine whether Thompson set up a meritorious defense to appellee's first ground for summary judgment asserting Thompson's suit was barred by the statute of limitations.

### 3. Lack of Delay or Injury to Appellee

Even if Thompson's motion for new trial established a meritorious defense that met *Craddock*'s second requirement, we would have to determine whether the motion for new trial met the third *Craddock* requirement, that granting the motion for new trial "will occasion no delay or otherwise work an injury" to the movant for summary judgment. *Craddock*, 133 S.W.2d at 126. To meet the third element of *Craddock*, all Thompson had to do was allege in her motion for new trial that granting a new trial would not injure appellee. *Director, State Employees Workers' Comp. Div. v. Evans*, 889 S.W.2d 266, 270 (Tex. 1994); *L'Arte de la Mode v. Neiman Marcus Group*, 395 S.W.3d 291, 297 (Tex. App.—Dallas 2013, no pet.). She could have met this requirement by offering in the motion for new trial to pay appellee's attorney's fees and expenses for obtaining the judgment. *See Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 929 (Tex. 2009); *L'Arte de la Mode*, 395 S.W.3d at 297. Had she done so, the burden of showing harm would have shifted to appellee to show injury. *Dolgencorp*, 288 S.W.3d at 929; *Evans*, 889 S.W.2d at 270; *L'Arte de la Mode*, 395 S.W.3d at 297. In this case, neither the motion to reinstate nor the motion for new trial asserted that granting a new trial would not injure appellee. Nor did the motions offer to pay appellee's attorney's fees and expenses for

obtaining the judgment. Thompson did assert in her reply to appellee's response to the motion for new trial that appellee "was not prejudiced because they were not entitled to dismissal under the law or the facts, there is no harm in the short delay." However, this assertion was made on June 13, 2017, fifty-six days after the trial court signed the judgment. This allegation came twenty-six days after the time for amending a motion for new trial without leave of court had expired. *See* TEX. R. CIV. P. 329b(b). The record does not show that the trial court granted Thompson leave to amend her motion for new trial more than thirty days after the judgment.

We conclude that Thompson's timely filed post-judgment motions did not satisfy the second and third elements of *Craddock*. Therefore, she has failed to show the trial court abused its discretion by denying her motion for new trial. We overrule Thompson's first and second issues.

## MOTION TO REINSTATE

In her third issue, Thompson contends the trial court erred by denying her motion to reinstate under Rule of Civil Procedure 165a. Rule 165a governs dismissals for want of prosecution. *See* TEX. R. CIV. P. 165a. Under that rule, "[a] case may be dismissed for want of prosecution on failure of any party seeking affirmative relief to appear for any hearing or trial of which the party had notice." TEX. R. CIV. P. 165a(1). The court must give the parties notice of its intention to dismiss under this rule and hold a dismissal hearing. *See id.* If a case is dismissed for want of prosecution under this rule, the plaintiff may move for reinstatement by filing a verified motion. TEX. R. CIV. P. 165a(3). "The court shall reinstate the case upon finding after a hearing that the failure of the party or his attorney was not intentional or the result of conscious indifference but was due to an accident or mistake or that the failure has been otherwise reasonably explained." *Id.* We review a trial court's denial of a motion to reinstate for

an abuse of discretion. *McLeod v. Gyr*, 439 S.W.3d 639, 656 (Tex. App.—Dallas 2014, pet. denied).

Thompson argues the trial court was required to grant her motion to reinstate because she established her attorney's failure to appear at the hearing on appellee's motion for summary judgment hearing was not intentional but was the result of accident or mistake, namely, her attorney's failure to see the notice of the date and time of the hearing.

Rule 165a(3) does not apply in this case because the trial court did not dismiss this case for want of prosecution. Instead, the judgment states the trial court granted appellee's motion for summary judgment and dismissed Thompson's claims. Nothing in the record indicates that the case was dismissed for want of prosecution.

Because the case was not dismissed for want of prosecution, the trial court did not abuse its discretion by denying Thompson's motion to reinstate under Rule 165a(3). We overrule Thompson's third issue.

## MOTION TO MODIFY THE JUDGMENT

In her fourth issue, Thompson contends the trial court erred by denying her motion to modify the judgment.

Rule 329b provides that a motion to modify the judgment must be filed within the time for filing a motion for new trial, which is thirty days from the day the trial court signs the judgment. TEX. R. CIV. P. 329b(a), (g). Thompson filed her motion on June 26, 2017, sixty-nine days after the trial court signed the judgment. Because her motion to modify the judgment was untimely, we may not review the trial court's decision to deny the motion. *See Moritz v. Preiss*, 121 S.W.3d 715, 721 (Tex. 2003). We overrule Thompson's fourth issue.

**CONCLUSION**

We affirm the trial court's judgment.

/David Evans/
LANA MYERS
JUSTICE

170847F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

PETRINA L. THOMPSON, Appellant

No. 05-17-00847-CV          V.

DALLAS CITY ATTORNEY'S OFFICE, Appellee

On Appeal from the 192nd Judicial District Court, Dallas County, Texas
Trial Court Cause No. DC-16-15685.
Opinion delivered by Justice Myers. Justices Evans and Brown participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 18th day of October, 2018.