**Opinion issued September 14, 2021**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-19-00746-CV

———————————

**SURAL ABDUJELIL AND SURA KIMO, Appellants**

**V.**

**HIKO BAFA, Appellee**

On Appeal from the 270th District Court
Harris County, Texas
Trial Court Case No. 2016-04660

## MEMORANDUM OPINION

Appellants Sural Abdujelil and Sura Kimo appeal the trial court's judgment in favor of appellee Hiko Bafa on his fraud by nondisclosure claim. The trial court awarded Bafa $89,504.07 in damages, which included attorney's fees and costs, $15,392.82 in prejudgment interest, and post-judgment interest. The appellants raise

four issues on appeal. In the first issue, they argue that the trial court erred by trying the case in their absence because they allegedly did not receive notice of the trial setting. In the second and third issues, they challenge the sufficiency of the evidence to support fraud by nondisclosure and the amount of damages awarded. In their fourth issue, they challenge the award of attorney's fees.

We reverse the trial court's judgment and remand to the trial court for a new trial.

## Background

Hiko Bafa came to the United States from Ethiopia in 2006, and he worked as a taxi driver. Several years later, he met Kimo and Abdujelil, who also came from Ethiopia and were part of the same Ethiopian tribe to which Bafa belonged. Bafa loaned Kimo money to buy a car so that he could work as a driver, and Kimo paid him back the following year.

In November 2013, Bafa, Kimo, and Abdujelil formed SHS Transportation LLC to provide "school transportation." Bafa provided about $1,000 for start-up costs, which was later paid back. According to Bafa's trial testimony, they did not have a written agreement about the business only a "mutual family understanding." He said:

> Our agreement is [Kimo] is director of our business, [Abdujelil] is secretary of our business and represented our company and also he prepares the payroll for our employees. And then my part I am bringing

2

the employees, the drivers, to the business and they go into process through [Kimo and Abdujelil].

Bafa testified that they agreed to pay their employees by checks drawn on the SHS Transportation bank account. Bafa said that they all had equal access to the account, and each had a debit card. According to Bafa, they agreed that any one of them could make a withdrawal with the debit card so long as he told the others why he withdrew the money.

Bafa testified that the business was initially profitable, but at some point, Kimo and Abdujelil began ignoring him, and he stopped working with them. Bafa said that after that, although they all had access to the bank account, he was not "involved in that bank account." He testified: "By trusting, I gave them full responsibility."

Bafa said that he did not withdraw money from the bank account, but Kimo and Abdujelil did. Bafa acknowledges that he received payments from SHS Transportation initially, but he said that after the second year of business, he received no money from SHS Transportation. Bafa estimated that he should have received more than $12,000 the second year.

In June 2015, Kimo and Abdujelil sent Bafa a document entitled: "SHS Transportation, LLC Consent in Lieu of Meeting of Members." The consent document stated that the company had "accumulated funds from operations" in the amount of $12,800 in its bank account. In the document, the parties resolved that

3

Kimo should receive $3,000 as compensation for past "non-driving administrative work," and that Abdujelil should receive $3,000 as compensation for past "non-driving transportation support services." In addition, they would set $800 for "anticipated costs and expenses for the balance of the fiscal year, including taxes," and distribute the remaining $6,000 equally to the three members. Kimo and Abdujelil signed the consent document, but Bafa did not.

In January 2016, Bafa filed suit alleging that Kimo and Abdujelil wrongfully depleted the SHS Transportation bank account and ceased operations. Bafa alleged fraud by nondisclosure and other causes of action not relevant to this appeal. Bafa alleged that Kimo and Abdujelil made a "material misrepresentation of [their] relationship to the plaintiff with knowledge of its falsity." Kimo and Abdujelil answered with a general denial.

In March 2019, Kimo and Abdujelil filed an agreed motion for continuance, requesting a 90-day continuance of their trial date, which was March 18, 2019. The trial court granted the motion and reset the trial for "the two-week period beginning 06-17-2019." The order resetting trial was sent to counsel of record for all parties.

The following week, counsel for Kimo and Abdujelil filed a motion to withdraw arguing that his clients had failed to cooperate, to appear for mediation, and to compensate counsel for legal services rendered. Counsel listed the appellants' last known address as a location in Houston, Texas, where they had initially been

served with the lawsuit. Counsel sent them a letter regarding his withdrawal from representation. Both the motion to withdraw and the letter to Kimo and Abdujelil stated that trial was set for June 17, 2019. The trial court granted the motion to withdraw in early April 2019. Kimo and Abdujelil did not engage new counsel.

The court held a bench trial on June 25, 2019. Kimo and Abdujelil, now pro se, did not appear. Bafa's counsel stated that the court coordinator had left two voice messages informing them of the trial setting. The court trial coordinator stated on the record that he had spoken that day by phone to Abdujelil, who informed the coordinator that he had moved to another state, that he had not provided the court with a new address, and he had received no notice from the court. The court trial coordinator stated that Abdujelil acknowledged having received a voice message about the trial setting.

Bafa testified through an interpreter. Bafa introduced SHS Transportation's bank statements but he did not testify about specific deposits, withdrawals, or transfers. In response to his counsel's leading questions, he testified that he believed the company made $236,124.20 based on the bank records, and he asked, first, for $78,708.06 in damages and, later, for $236,124.20 in damages.

On July 5, 2019, the trial court rendered judgment in favor of Bafa on his fraud claim, awarding $89,503.07 in total actual damages, plus pre- and post-

5

judgment interest.[1] Kimo and Abdujelil rehired their attorney and filed a motion for new trial, which was denied. Kimo and Abdujelil appealed.

## Analysis

**I.      The trial court did not abuse its discretion by denying Kimo and Abdujelil's motion for new trial that argued they had no notice of trial.**

In their first issue, the appellants argue that they had no notice of the trial setting. They raised this argument in a motion for new trial, to which they attached Kimo's affidavit. Kimo averred that he had lived in Tukwila, Washington since April 1, 2017. He also averred that he "did not receive any notice of trial," that he "was unaware that trial was scheduled for June 25, 2019," and that he "was not contacted by anyone about the trial date." Bafa responded to the motion for new trial with evidence including the order resetting trial "for the two-week period beginning 06-17-2019." Bafa also attached appellants' counsel's March 13, 2019 motion to withdraw, which stated that trial was set for June 17, 2019. The trial court denied the motion for new trial.

We construe the appellants' first issue to be a challenge to the denial of their motion for new trial. We review a trial court's denial of a motion for new trial for an

---

[1]      The judgment stated that the $89,503.07, which represented:
- $78,708.06 for 1/3 share of profit from SHS Transportation;
- $5,000 for reasonable and necessary attorneys' fees;
- $796.01 for reasonable and necessary court costs; and
- $5,000 exemplary damages.

abuse of discretion. *Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 926 (Tex. 2009); *Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 82 (Tex. 1992). A trial court abuses its discretion if its decision is arbitrary, unreasonable, and without reference to guiding rules and principles. *See Goode v. Shoukfeh*, 943 S.W.2d 441, 446 (Tex. 1997); *Imkie v. Methodist Hosp.*, 326 S.W.3d 339, 344 (Tex. App.—Houston [1st Dist.] 2010, no pet.).

"A post-answer default judgment occurs when a defendant who has answered fails to appear for trial." *Dolgencorp*, 288 S.W.3d at 925. "[O]nce a defendant has made an appearance in a cause, he is entitled to the notice of the trial setting as a matter of due process under the Fourteenth Amendment." *In re $475,001.16*, 96 S.W.3d 625, 627 (Tex. App.—Houston [1st Dist.] 2002, no pet.) (citing *Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80, 86, (1988), and *LBL Oil Co. v. Int'l Power Serv., Inc.*, 777 S.W.2d 390, 390–91 (Tex. 1989)).

The appellants here contend that the trial court's judgment was not valid because they did not receive notice of the date of trial. We disagree. First, the record shows that the appellants were represented by counsel when their motion for continuance was granted, and the trial court reset the case for trial during the two-week period that began June 17, 2019. The appellants had notice of the order setting trial that was served on their attorney before his withdrawal. *Stoner v. Thompson*,

7

578 S.W.2d 679, 684 (Tex. 1979) ("Stoner was charged with notice of all pleadings that had been filed and served on him or his attorney prior to their withdrawal.").

Second, when the appellants' attorney withdrew from representation, he sent Kimo and Abdujelil a letter and a copy of his motion to withdraw, both of which informed them that their case was set for trial on June 17, 2019. Abdujelil did not provide an affidavit stating that he had no notice of the trial setting. Kimo averred that he did not know about the June 25, 2019 trial setting, but his affidavit was silent about whether he knew that his case had been set for trial on June 17, 2019. On appeal, the appellants do not argue that they did not know that their case was set for trial on June 17, 2019. Although the case may not have been reached until eight days later, the appellants do not deny having had notice of the June 17, 2019 trial setting. *See Felt v. Comerica Bank*, 401 S.W.3d 802, 808 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (on appeal from post-answer default judgment, appellants failed to show lack of notice of trial setting when that they had notice that the case was set for the two-week period beginning on April 11, 2012 and the case was reached ten days later).

We hold that the trial court did not abuse its discretion by denying the motion for new trial that argued that the appellants had no notice of trial. We overrule the first issue.

**II.** **The evidence is legally insufficient to support the judgment for fraud by nondisclosure.**

In their second issue, the appellants argue that the evidence is legally insufficient to support the judgment for fraud by nondisclosure. We agree.

The test for legal sufficiency is "whether the evidence at trial would enable reasonable and fair-minded people to reach the verdict under review." *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). In reviewing the evidence for legal sufficiency, we must "credit favorable evidence if reasonable jurors could, and disregard contrary evidence unless reasonable jurors could not." *Id.* Evidence is legally insufficient when:

> (a) there is a complete absence of evidence of a vital fact, (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (c) the evidence offered to prove a vital fact is no more than a mere scintilla, or (d) the evidence conclusively establishes the opposite of the vital fact.

*King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003) (quoting *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997) (citing Robert W. Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error*, 38 TEX. L. REV. 361, 362–63 (1960))). When an appellate court holds that evidence is legally insufficient to support a post-answer default judgment, it will remand the case for a new trial. *See Dolgencorp*, 288 S.W.3d at 930.

Ordinarily, an appellate court renders judgment when it sustains a legal insufficiency issue. *Guevara v. Ferrer*, 247 S.W.3d 662, 670 (Tex. 2007); *Pointe W.*

*Ctr., LLC v. It's Alive, Inc.*, 476 S.W.3d 141, 149 (Tex. App.—Houston [1st Dist.] 2015, pet. denied). However, a post-answer default is an uncontested proceeding, and "uncontested proceedings are often abbreviated and perfunctory." *Dolgencorp*, 288 S.W.3d at 930. "In the absence of opposing counsel, an uncontested trial, like an uncontested damages hearing, is less likely to result in a fully-developed factual record." *Id.* Thus, when an appellate court sustains a legal insufficiency issue in an appeal from a post-answer default, it will remand for a new trial. *Id.*

Fraud by nondisclosure is a type of fraud that occurs when a party has duty to disclose certain information and fails to disclose it. *Bombardier Aerospace Corp. v. SPEP Aircraft Holdings, LLC*, 572 S.W.3d 213, 219 (Tex. 2019); *Schlumberger Tech. Corp. v. Swanson*, 959 S.W.2d 171, 181 (Tex. 1997). The elements of fraud by nondisclosure are: (1) the defendant deliberately failed to disclose material facts; (2) the defendant had a duty to disclose such facts; (3) the plaintiff was ignorant of the facts and lacked an equal opportunity to discover them; (4) the defendant intended the plaintiff to act or refrain from acting based on the nondisclosure; and (5) the plaintiff's reliance on the nondisclosure resulted in injury. *Bombardier Aerospace*, 572 S.W.3d at 219-20; *Bradford v. Vento*, 48 S.W.3d 749, 754–55 (Tex. 2001) (explaining that there must be a duty to disclose). "Ordinarily, there is no duty to disclose without evidence of a confidential or fiduciary relationship." *Bombardier Aerospace*, 572 S.W.3d at 220.

In this case, there is a complete absence of evidence to support the judgment for fraud by nondisclosure. Bafa's testimony did not establish that the appellants deliberately failed to disclose facts of which he was ignorant and lacked an equal opportunity to discover. Bafa's testimony was the only evidence of the existence and nature of a business agreement among the men. Bafa did not testify that they agreed to share the profits equally. He testified that they each had the right to use a debit card to withdraw money from the company's bank account so long as they informed the others of the reason for doing so. He testified that he stopped participating in the business because Kimo and Abdujelil were ignoring him, and he said that he simply disregarded the bank account after that, although he acknowledged he had equal access to it. Bafa did not testify about what facts Kimo and Abdujelil should have, but did not, disclose. Bafa testified that he learned that money had been withdrawn or transferred from the bank account by looking at bank account records. But he did not explain how he relied on any nondisclosure on the part of Kimo and Abdujelil. Rather, Bafa said that after he withdrew from participation in the business, he did not pay attention to the bank account, leaving the management to Kimo and Abdujelil. He said: "By trusting, I gave them full responsibility." Bafa's subjective trust in Kimo and Abdujelil is insufficient to show that he relied on a nondisclosure to his detriment.

11

We hold that the evidence is legally insufficient to support the judgment for fraud by nondisclosure, and we sustain the appellants' second issue. *See Dolgencorp*, 288 S.W.3d at 930.

## Conclusion

Having concluded that the evidence is legally insufficient to support Bafa's cause of action for fraud by nondisclosure, we do not reach the appellants' other issues. *See* TEX. R. APP. P. 47.1. We reverse the judgment of the trial court, and we remand for a new trial. *See Dolgencorp*, 288 S.W.3d at 930 (requiring remand rather than rendition when court of appeals sustains legal insufficiency issue in appeal from post-answer default).

Peter Kelly
Justice

Panel consists of Justices Kelly, Landau, and Hightower.